## JOSEPH I. TOBIAS vs. JOHN FRANCIS.

<span>Addison,<br/>January,<br/>1830.</span>

Where the owner of a wool-carding factory sold and conveyed it, with all the machinery, and, at the same time, took from the vendee a mortgage deed of the same premises to secure the payment of the purchase money, and the vendee entered, and remained in possession,—it was held that the machinery, which was connected with the building in which it was worked only by a band, but could not be taken out of the building without being first taken in pieces, was personal property, and liable to attachment at the suit of a creditor of the vendee, notwithstanding the mortgage.

This was an action of *trover* brought to recover the value of certain carding machines.  Plea, the *general issue*.  At the trial in the county court it appeared in evidence, that the plaintiff had conveyed, by deed, to John F. Hutchinson a small piece of land, with a woolen factory standing thereon, *and all the machinery therein and thereto belonging ;* and, at the same time, Hutchinson executed to the plaintiff a mortgage deed of the same premises, including the machinery, to secure the payment of the purchase money.  Hutchinson, immediately after the sale, took possession of the premises, and carried on his work, using the machinery which was there, until the said carding machines were taken away by the defendant.  It appeared that said machines were placed in the building, and connected by a band with other wheels in motion, by which the machines were propelled, in the usual way, and were not otherwise fastened to the building, but remained stationary, by reason of their own weight, while the wheels were in motion ; that they could not be carried out at the door of the building without being taken apart, but might easily have been

DDD

ADDISON,
January,
1830.

Tobias
vs.
Francis.

taken in pieces so as to be carried out. The plaintiff had obtained a decree of foreclosure against Hutchinson of the mortgaged premises, embracing all the notes given for the purchase, and no part of the redemption money had been paid. The defendant justified the taking and sale of said machines by virtue of regular executions against Hutchinson, issued on judgements, recovered in suits in which the machines had been previously attached. The court instructed the jury, that the machines, in the situation in which they were, when taken by the defendant, were real estate, attached to the freehold, and were not liable to be attached or taken in execution as personal property. The jury thereupon returned a verdict for the plaintiff. The defendant filed exceptions, on which the cause was removed to this Court.

*Collamer, for the defendant.*—The deed from *Tobias* to Hutchinson, vested in Hutchinson all the real and personal property therein mentioned, including the carding machines now in question. No mortgage of the machines, if they be personal property, could so vest them in *Tobias* as to protect them from attachment by the creditors of Hutchinson, while he remained in possession.

I. The first question is, are carding machines, set up and used in a building, a part of the freehold, as fixtures and appurtenances, or are they personal property? Whether an article be a *fixture* seems, by the courts, to have been at times decided from a consideration of the object and author of its erection, which does not so much determine what is a fixture, as who is its owner. This may be seen by comparing *Penton* vs. *Robart*, *(2 East*, 88,) with *Elwes* vs. *Maw*, *(3 East*, 55.) But these points should not be confounded, as it is important, especially under the practice of the attachment law, to determine by the intrinsic character, and by inspection of the property, whether it be personal. This cannot depend on the author or object of its erection :—1st. Because by inspection the question could not be settled. 2d. Because, if so, the same article, without visible alteration, might, by mere change of ownership, change its character.

Whether an article *be a fixture* must be determined by intrinsic circumstances, and this depends on a consideration of these facts. 1st. Can it be separated without violence or injury to the freehold? 2d. Is it particularly adapted to that place, or can it be as beneficially used elsewhere? Tested by these, or any other principles adopted in the books, carding machines are not

Addison,
January
1830.

Tobias
vs.
Francis.

fixtures. If so, they are simply personal property, and not within any of those decisions which go to settle to whom fixtures belong. 1st. They are not *affixed* to the ground or realty. 2d. They could be removed without injury to them or the building. 3d. They have no adaptation peculiar to the building, but could be as well used elsewhere. 4th. They, or a smaller machine similarly *fixed*, would be the subject of larceny. 5th. They are merely of a personal nature, to carry on a trade. 6th. They have ever been so treated in this state by attachment and sale, and have never been considered as passing, as appurtenant to the freehold, by deed thereof, unless particularly mentioned, and were so treated by *Tobias*. 7th. To decide otherwise, and to hold for the plaintiff, that they were essential to the beneficial enjoyment of the freehold, and constituted a part of it, would necessarily hold that, if put in by a tenant, they vested in the landlord. 8th. All this has been fully decided, especially in New-York and Massachusetts.—*Penton* vs. *Robart*, 2 *East*, 88 ; *Elwes* vs. *Maw*, 3 *East*, 55 ; *Taylor* vs. *Townsend, 8 Mass. Rep.* 411 ; *Gale* vs. *Ward*, 14 *do.* 352 ; *Cresson vs. Stout, 17 Johns. Rep.* 116.

II. Being simply personal property, they could not be mortgaged so as to protect them from a sale by the creditors of the mortgagor, he remaining in possession ; nor does the fact of being used upon, and mortgaged with real estate, constitute an exception. 1st. All courts, even those who have not holden that *sales* must be accompanied with possession to be binding on creditors, have ever holden that a mortgage or pledge of personal property must be. Indeed, it is difficult to understand how a mortgagee or bailee of personal property, having neither *ownership* nor *possession*, can be considered as having any legal right in the property, even as against the mortgagor, as the debt would remain. 2d. It would be inconvenient and dangerous to make the case of machines, or any other personal property mortgaged with real estate, an exception to the general rule of attachment, as the property of the possessor ; because the wholesomeness of the rule is beginning to be universally acknowledged, so much so, that in Massachusetts its legislative adoption is called for, and every exception breaks in upon its unity and destroys certainty and confidence. If it is to be an exception, it would confound all principles and rights. Personal property mortgaged has no equity of redemption, but vests absolutely, on failure of payment. Now would this mortgagee take this personal property absolutely, and yet have his claim on the realty for his debt ? Or how can it be

Addison,
January,
1830,

Tobias
vs.
Francis.

apportioned? How can the creditors of either of the parties attach this personal property? and with what proportion of the debt does it stand encumbered? Does not the attaching creditor, the defendant in this case, entitle himself to some right, and what? 3d. This point has also been decided.—*Taylor* vs. *Townsend*, 8 *Mass. Rep.* 411; *Gale* vs. *Ward*, 14 *do.* 352; 17 *Johns. Rep.* 116.

*Phelps, for the plaintiff.*—This case naturally resolves itself into two questions, viz. *First*, Is the property in question to be regarded to the purposes of this mortgage, and between these parties, as a part of the realty? *Secondly*, If it be not so considered, still is it not protected by the mortgage?

1. As to the question, what is a part of the realty in reference to fixtures or erections for the purposes of trade, and connected with manufacturing establishments, I apprehend no general rule can be laid down. But it depends mainly upon the particular relation between the claimants; and what the law regards as real estate, between certain parties, would not be so considered as to others. There is one rule between the *heir* and *executor*. Another between tenant for life and *remainderman*. And a third between *landlord* and *tenant*, and a fourth, I believe I may add, between *seller* and *purchaser*. In this case it is contended that the machinery is to be considered as attached to the realty, and partaking of its nature, so far as to be, to the purposes of the mortgage, a part of it. The factory or establishment, with all its running gear and machinery, was sold by the plaintiff to Hutchinson entire, and a mortgage taken in the same way. The machinery passed attached to, and a part of, the realty—was so treated by the parties—was indispensable to the enjoyment of the realty to the purposes, and in the manner, contemplated by the parties, and formed an integral part of the thing sold. Had the machinery been disconnected with the land, or put in by Hutchinson after his purchase, the case would have been different.

As to what is a part of the realty, the question should be considered with reference to the nature and natural uses of the property. A mill or factory is an entire thing, useful and valuable only as such, and necessarily comprehends something more than an empty building. The machinery is not only a necessary, but often constitutes the principal, part of its value. It should also be considered with reference to the relative rights of those who may be claimants. And it is believed that under any rule of the common law, the proper-

ty will be found to belong to the plaintiff. *First,* as between the
*heir* and executor, property thus situated would unquestionably
belong to the *heir.*—See *Com. Dig. title, Biens (B)* ; 1 *H.*
*Black.* 259, *note* ; *Ambler,* 395; 1 *Swift's Dig.* 534 ; 3 *Atk.*
13. This case is not analogous to the case of executor and heir,
and bears no analogy to that of *landlord* and *tenant.—Rogers* vs.
*Page, Sup. Court, Jan.* 1819. *Secondly.* If the case were
analogous to the case of tenant for life and *remainderman,* or land-
lord and tenant, the result would be the same, if we consider the
mortgagor in this case as the tenant of the plaintiff, the
mortgagee, which is the most favorable view for the defendant ;
yet all the cases cited by the defendant will be found inapplicable.
They all relate to the right of the tenant to remove fixtures *erec-
ted by himself during his term.— Com. Dig. tit. execution, C* 4 ;
*Swift's Dig.* 534. If Hutchinson had put in machinery after his
purchase, it is admitted, it would have been subject to attachment.
But it was never supposed that a tenant for life or years had the
right to remove fixtures attached to the estate by the landlord,
before the commencement of his term. Indeed, if he should
attempt it, he would be liable for waste, and a court of chan-
cery would enjoin him. If Hutchinson had no right, as be-
tween him and the plaintiff,to remove the machinery, most certainly
no person, claiming under him, had. Regarding Hutchinson as a
mortgagor or vendor, the question as to the property in the ma-
chinery depends, as between him and the plaintiff, upon the terms
of the mortgage. This is specific as to the machinery. The re-
sult is, that his creditors could not lawfully attach and remove the
property unless the mortgage could be avoided as fraudulent.

II. Admitting that the machinery in question is to be deemed
personal property, still the question arises,is it not protected by the
mortgage ? As the mortgage is good between the parties to it,
the only ground upon which the defendant can prevail, is, that the
possession of Hutchinson was fraudulent as to creditors. The
general rule upon this subject is not now to be disputed ; but it
admits of various exceptions. In the language of *Judge Kent,* (9
*Johns.* 337, *et seq.*) such possession is to be considered fraudulent,
unless for special reasons to be shown and approved of by the
court. The reason for the possession of Hutchinson in this case
is a strong one. The machinery was connected with the real es-
tate, and necessary to the enjoyment of it—was a necessary and
integral part of the property purchased, and of little or no value,
except as attached to the freehold. Without it, the object of the
purchase would be defeated. Indeed, his possession was a mat-

Addison,
January,
1830.
—
Tobias
vs.
Francis,

ter of necessity. Cannot the vendor of such a property, who sells it entire, take an entire security which shall be valid ; or must he, to render his mortgage security valid, dismantle the property, and render it useles to all parties ? It may well be doubted whether sound policy requires such an extension of the rule. The idea of fraud is inconsistent with the statement of the case. For it is certainly reasonable that the plaintiff should have a security by mortgage upon the entire property. The idea of a false credit is also done away, for the recorded title of Hutchinson to this property shows that the property was purchased entire, and at the same time mortgaged in the same manner. The rule, although it may have been extended to mere tools, and without being attached to the realty, has never been extended to machinery of this description.

There are two cases similar to this which have been decided in this country, which deserve a particular notice. In *Gale* vs. *Ward*, (14 *Mass*. 352,) the machinery was held subject to the attachment. But in that case the machinery was not embraced by name in the mortgage, and the question was simply whether, without being named in the mortgage, it was in such a sense a part of the realty as to be necessarily, and by mere operation of law, bound by it. That case, however, is professedly founded on *Pool's case*, *(Salk.* 368,) and the reason given in the latter case, why the property was liable to attachment, was, that the tenant might himself remove it at any time during his term. The court in Massachusetts either went upon this ground first suggested, or they failed to discover the difference between *Pool's case* and the case where the mortgagee not only sells the property attached to the realty, but fixes it in that state by the express terms of the mortgage. The other case is *Cresson* vs. *Stout*, (17 *Johns.* 116.) This decision is pointedly in our favor. A part of the machinery in that case was attached to the real estate, and sold with it. It was also named in the mortgage. A part was put in afterwards, and the whole was levied upon, before the mortgagee took possession. The court decided that, with respect to the first, the plaintiff was entitled to hold it against the attachment, whether it was real or personal estate, and this, although the rule as to fraud there obtained to its full extent. The case, therefore, is a direct authority to show that the possession of the mortgagee, under such circumstances, is not fraudulent. They did, indeed, decide that the property was personal. But this was in answer to a position taken by the plaintiff, that the machinery put in after the mortgage, became so identified with the real estate as to become subject to the mortgage. On the whole this case decides two points ; 1st. That

ADDISON,
*January*,
1830.

Tobias
*vs.*
Francis

when the mortgage embraces the machinery by name, it protects the machinery against the creditors of the mortgagor. 2d. That the possession of the mortgagor of the machinery is not fraudulent.

PER CURIAM.—The carding machine was not connected with the building in which it stood otherwise than by a band, and might be removed and used in any other similar building ; and situated as it was, it must be regarded as personal property, and as such liable to be taken and sold on execution. The other point in the case is not so clear. The general rule is, that a mortgage of a personal chattel is of no validity against the creditors of the mortgagor, without a delivery of possession to the mortgagee ; but whether this case, under the particular circumstances of it, ought not to be considered an exception to the general rule, is a matter upon which an opinion has been formed after much hesitation and doubt. In the case of *Gale* vs. *Ward*, 14 *Mass.* 352, where the owner of a wool manufactory sold and conveyed it, with all its appurtenances, and at the same time took from the vendee a mortgage deed of the premises to secure the payment of the purchase money, and the vendee entered and remained in possession, it was held, that the machines for carding wool, in the building, were personal property, and liable to attachment at the suit of the creditors of the vendee, notwithstanding the mortgage. The case cited is exactly in point ; and the judge who tried this cause in the court below, though now absent, heard the argument at the last term, and is decidedly of opinion that the doctrine of that case ought to be adopted ; and on the whole, the conclusion is that the judgement must be reversed.

Judgement reversed, and cause remand-<br>ed to the county court for a new trial.