JOHN M. BOSTWICK

v.

CHRISTINE BLAKE.

*Filed at Ottawa, May 9, 1893.*

1. FRAUDULENT CONVEYANCE—*void as to creditors.* A fraudulent transfer passes.nothing as against creditors. A conveyance of real estate made in fraud of creditors is void as to them, and not merely voidable. For all purposes of appropriating it to the satisfaction of their demands, the property is to be deemed vested in the debtor.

2. A debtor can not convey real estate to another to be held wholly or in part in secret trust for himself, so as to cut off the right of existing creditors. It matters not that the transaction may be upon a valuable consideration, if it lacks the element of good faith. In such case, the fraud being a continuing one, the conveyance will be void both as to existing and subsequent creditors.

3. SAME—*effected by consent of debtor.* It is not necessary that the debtor shall in person convey his property, to render his transfer fraudulent, but it will be sufficient if the steps taken by the grantee to obtain the title thereto, were by the consent and procurement of the debtor, with the secret understanding that the property was to be held for the former owner, the debtor.

4. SAME—*obtaining title by sheriff's deed, to be held in secret trust.* Where a party obtains a sheriff's deed for the land of a debtor, in pursuance of an arrangement with the latter, and holds the same in secret trust for the latter, the conveyance will be fraudulent in law and void as to his creditors, both existing and subsequent.

5. ATTACHMENT—*right of interpleader—as to real and personal property.* The right of interpleader, under section 29 of the Attachment act, extends to real as well as personal property attached. In either case the question to be inquired into is the right of property. If the debtor has fraudulently divested himself of the legal title, the levy of an attachment thereon by a creditor will create a lien on the property with the same effect as if the fraudulent conveyance had never been made. The levy of the attachment is an election of the creditor to treat the conveyance as void for fraud.

APPEAL from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

Messrs. DOOLITTLE, PALMER & TOLMAN, for the appellant:

Only creditors having existing claims when the fraud was committed, can avoid the conveyance, unless it be shown

that the deed was made in anticipation of incurring debts, to avoid which the conveyance is made. *Edgerly* v. *Bank*, 30 Ill. App. 431; *Ward* v. *Enders*, 29 Ill. 519; *Mixell* v. *Lutz*, 34 Ill. 382; *Moritz* v. *Hoffman*, 35 Ill. 553; *Gridley* v. *Watson*, 53 Ill. 186; *Woolridge* v. *Gage*, 68 Ill. 157; *Guffin* v. *Bank*, 74 Ill. 259; *Tunison* v. *Chamblin*, 88 Ill. 385.

Voluntary conveyances made in good faith are void only so far as may be necessary to satisfy prior creditors, and if such prior indebtedness be paid, the conveyance must stand. Bump on Fraud. Convey., 319, 322.

The distinction as to the rights of precedent and subsequent creditors seems to be this: If the grantor reserves no future use or benefit in the property, then the sale can be attacked only by a pre-existing creditor; but when the conveyance is merely colorable, and a secret trust and confidence exist for the benefit of the grantor, then the sale is void, both as to precedent and subsequent creditors. *Gordon* v. *Reynolds*, 114 Ill. 127.

Property conveyed in trust is still the property of the grantor for every beneficial purpose, and the secret trust, in a conveyance tainted with actual fraud, renders the property liable to subsequent creditors.

But where some valuable or adequate consideration is paid, though the conveyance may be with a view to aid a debtor to place his property beyond the reach of his creditors, such conveyance will, in general, be good against subsequent creditors, for there is no secret trust for the benefit of the vendor. Bump on Fraudulent Conveyances, 326.

To make a conveyance fraudulent as to creditors, there must be mutuality or participation in the fraudulent intent on the part of both the vendor and purchaser. *Schroeder* v. *Walsh*, 120 Ill. 403.

A deed fraudulent in fact, is absolutely void as against the creditors of the grantor, and will not be permitted to

stand for any purpose of reimbursement or indemnity; but it is otherwise with a deed which is only constructively fraudulent. In the latter case the grantee may hold the same as security for the amount actually due him. *Phelps* v. *Curts*, 80 Ill. 114; *Lobstein* v. *Lehn*, 120 Ill. 555.

There can be no such thing as fraud in law as to subsequent creditors, but to make a transfer void as to them, there must exist at the time, on the part of the grantor, an actual fraudulent intent and purpose to place his property beyond the reach of existing creditors. Bump on Fraudulent Conveyances, 315, 317.

But a conveyance made in fraud of creditors is void, and not voidable, by the terms of the statute, and creditors have a right to so treat it. The moment an attachment is levied upon lands thus conveyed, the election of the creditor to treat the former conveyance as void is declared, and the attachment becomes a lien upon the land, with the same effect as if the fraudulent conveyance was never made. *McKinney* v. *Bank*, 104 Ill. 183.

If the conveyance is fraudulent as to creditors, the legal title does not pass to the vendee. *Frank* v. *King*, 121 Ill. 250.

As to interpleader and rights of parties, see *City Ins. Co.* v. *Commercial Bank*, 68 Ill. 348; *Ripley* v. *People's Savings Bank*, 18 Ill. App. 430; *Juilliard* v. *May*, 130 Ill. 87; *Frank* v. *King*, 121 Ill. 250; *Monroe* v. *Van Meter*, 100 Ill. 347; *Laclede Bank* v. *Keeler*, 103 Ill. 425.

Messrs. MILLARD & BOYESEN, for the appellee:

Even if it be admitted that John M. Bostwick showed, *prima facie*, valid title in himself under the sheriff's deed introduced in evidence by him, the evidence conclusively shows that such deed was taken by him in trust for Barnum Blake, under a collusive and fraudulent arrangement between said Bostwick and Barnum Blake, in order to hinder, delay and defraud the creditors of said Barnum Blake.

If the arrangement under which Bostwick obtained the sheriff's deed to the property in question was intended to and did create a secret trust for the benefit of Barnum Blake, then such arrangement was fraudulent in law, and was absolutely void, and Bostwick would take nothing by such deed from the sheriff, if obtained under such collusive arrangement with Barnum Blake. *Coburn* v. *Pickering*, 3 New Hampshire, 415; *Moore* v. *Wood*, 100 Ill. 455; *Phelps* v. *Curts*, 80 Ill. 112; *Lobstein* v. *Lehn*, 120 Ill. 549; *Jones* v. *King*, 86 Ill. 226; *Power* v. *Alston*, 93 Ill. 587.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

On the 12th of October, 1889, appellee brought an action of debt against Barnum Blake, her former husband, in the Circuit Court of Cook county, on a judgment for alimony, rendered in October, 1888, and sued out an attachment in aid thereof. The writ was levied on lot 6, block 95, Elston's addition to Chicago, and thereafter appellant filed an interpleader claiming said property. No formal traverse of the plea was filed, but the parties stipulated that the issue of the interpleader should be set down for hearing, etc., and afterwards waived a jury, and agreed that the same should be tried by the court. The finding of the Circuit Court was that said property, at the time of the levy of said writ of attachment, belonged to Blake, and appellant had no beneficial right, title, or interest in the same, but that he held the naked legal title thereto in trust for said Blake. It was therefore adjudged that appellant should take nothing by his plea. From that judgment this appeal is prosecuted.

The following facts appeared in evidence. In December, 1873, Barnum Blake, being the owner of said lot, mortgaged it to secure a debt of $40,000. At the August term of the Superior Court of Cook county, 1874, the firm of Murphy & Favorite recovered a judgment against Blake for

$10,064, and in pursuance thereof levied an execution on said lot, and the same was bid off at $100. At the February term, 1876, of said Superior Court, this appellant took a judgment against Blake for $2,077.64, and caused execution thereon to be issued, and levied upon the same lot in redemption of said former sale, and bid off the property at $113.46, the amount of redemption money, interest and costs, and on August 16th, 1876, received a sheriff's deed therefor. Under this sheriff's deed he claims title to said lot. The $40,000 mortgage was paid off by Blake, but remained unsatisfied of record, at least until after appellant took his sheriff's deed.

The contention of appellee, plaintiff in the attachment, is that appellant obtained his sheriff's deed in pursuance of an arrangement with Barnum Blake, and held the same in secret trust for the latter at the time of the levy of her writ of attachment. If this position is supported by the evidence, the conveyance is fraudulent in law, and void as to creditors of Blake. It was held in *Moore* v. *Wood et al.*, 100 Ill. 451, on the authority of numerous previous decisions of this court, as well as other authorities, that "a debtor can not convey real estate to another, to be held wholly or in part in secret trust for himself, so as to cut off the rights of existing creditors; for although, as was observed in *Lukin* v. *Aird*, 6 Wallace, 78, such a transaction may be upon a valuable consideration, it lacks the element of good faith; for, while it professes to be an absolute conveyance on its face, there is a concealed agreement between the parties to it inconsistent with its terms, securing a benefit to the grantor at the expense of those he owes. A trust thus secretly created, whether so intended or not, is a fraud on creditors, because it places beyond their reach a valuable right * * * and gives to the debtor the beneficial enjoyment of what rightfully belongs to his creditors." *Mitchell et al.* v. *Sawyer et al.*, 115 Ill. 650; *Beidler* v. *Crane et al.*, 135 Ill. 92.

In such cases the conveyance is void both as to existing and subsequent creditors. The fraud is a continuing one, and may actually operate as such, as well in reference to debts contracted after, as before the conveyance. Bump on Fraudulent Conveyances, 319; *Griffin* v. *First National Bank*, 74 Ill. 259; *Jones et al.* v. *King et al.*, 86 Ill. 229; *Gordon et al.* v. *Reynolds*, 114 Ill. 118.

While the property in question was not conveyed to appellant by Blake in person, yet if the steps taken by the former to obtain the title thereto was by the consent and procurement of the latter, with the secret understanding that the property was to be held for Blake, it is not and could not be successfully contended that the case does not fall within the foregoing rule.

We are of the opinion, then, that the correctness of the judgment below depends solely upon the question of fact, as to whether appellant obtained the title to said lot, under an arrangement by which a secret trust was created in appellant for Blake's use. We shall not extend this opinion by reviewing the evidence bearing upon this question. In our opinion it abundantly supports the finding of the court below. No one can read it, without being forced to the conclusion that it was understood between the parties that, although the title was in appellant, the property in fact belonged to Blake. The conduct of both in relation to the property, as shown by the undisputed evidence, is wholly inconsistent, and irreconcilable with any other understanding.

It is, however, earnestly contended that under the issue formed on appellant's interplea, treating it as traversed, the legal title to the property in question, only, was involved, and no question of the existence of equitable interests in the debtor could arise; and it is said that "if the attaching creditor desires to present the question of the existence of an equitable interest in the debtor, which is subject to his writ, he must bring it to the attention of the court in some

appropriate manner, and a distinct traversable issue must be formed thereon, capable of being submitted to a jury.'' This position is based upon what was said in the case of *Laclede Bank* v. *Keeler*, 103 Ill. 425. That case has no application here, for the reason appellee is not seeking to reach a mere equitable interest in Barnum Blake to the attached property, but the entire property. The interpleader having been filed, alleging that said lot was and still ''is the property of the said John M. Bostwick,'' and that allegation having been treated as traversed, it was the duty of the court, under sec. 29 of the Attachment act, ''to direct a jury to be empannelled to inquire into the right of property.'' The right of interpleader under this statute extends to real as well as personal property attached. *City Ins. Co.* v. *Commercial Bank*, 68 Ill. 351. In either case, the question to be inquired into is ''the right of property.'' Appellee insists that the property in question here, when levied upon by her, was that of Barnum Blake, and that the title thereto in appellant was fraudulent and void as to her. The moment she levied her writ of attachment upon it as the property of her debtor, her election to treat the conveyence to appellant as void was declared, and her attachment became a lien against the property, with the same effect as if the deed to appellant had never been made. *McKinney et al.* v. *First National Bank et al.*, 104 Ill. 183.

The theory of the law is that a fraudulent transfer passes nothing as against creditors. For all purposes of appropriating the property to the satisfaction of their demands, it is to be deemed vested in the debtor. Bump on Fraudulent Conveyances, 465. A conveyance of real estate made in fraud of creditors is void, and not merely voidable.

We are satisfied, after a careful examination of this record and the arguments of counsel, that the proceedings in the court below were in conformity with the law; that it ruled correctly upon each of the propositions submitted to it, and that its judgment is right. *Affirmed.*