## Strauss Brothers Co. v. Ira B. White et al.
## Fred P. White v. Strauss Brothers Co.

1. ATTACHMENT—*Fraudulent Transfer of Property—Limitations.*— A fraudulent transfer of property relied upon as a ground for an attachment must have been committed within two years prior to the filing of the affidavit.

2. PRESUMPTIONS—*Where no Propositions of Law are Submitted.*— Where no propositions of law are submitted to the court below, the presumption is that the judge entertained correct views as to the rules of law applicable to the case.

Attachment.—Appeal from the Circuit Court of De Witt County; the Hon. LYMAN LACEY, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

Strauss Bros. Co., the appellants, on the 14th day of January, 1895, procured a writ of attachment to issue against the goods and chattels, etc., of Ira B. White, upon the ground that said White had, within two years prior thereto, fraudulently conveyed, assigned or disposed of his property with intent to hinder and delay his creditors.

Fred P. White filed an interpleader setting out his alleged ownership of certain chattel property levied upon by virtue of the writ.

Issue in assumpsit and upon a traverse of the grounds of attachment were joined between the plaintiff company and Ira B. White, and upon the interpleader between the company and Fred P. White.

The cases were consolidated, a jury waived, and both submitted together to the court for decision.

The finding and judgment was in favor of the appellant company upon the issue in assumpsit, and adverse to it upon the other issues.

The company appealed.

R. A. Lemon, attorney for appellants; V. Warner, of counsel.

Herrick & Herrick, attorneys for appellees.

Mr Justice Boggs delivered the opinion of the Court.

The alleged fraudulent transfer of the Farmer City property to the wife of Ira B. White occurred more than two years before the filing of the affidavit.

Even though it be a continuing fraud, and as such open to attack by subsequent as well as precedent creditors in accordance with the rule announced in Bostwick v. Blake, 145 Ill. 85, yet it would not constitute a ground for attachment under the statute.

Our construction of the statute is, the fraudulent act relied upon must have been committed within two years prior to the filing of the affidavit.

A fraudulent transfer not made within that period does not answer the statute, though its character be such that the creditors could prevail in a direct attack upon it.

Whether the transaction between Ira and Fred P. White, whereby the latter, as he claimed, became possessed of the goods involved in the interpleader was fraudulent, was a question of fact.

No propositions of law were presented to the court.

It is, therefore, presumed that the trial judge entertained correct views as to the rules of law applicable to the case.

We have carefully considered the evidence and find no reason to declare that the finding and judgment is manifestly against the weight thereof. The judgment is affirmed.