Albert W. May v. Disconto Gesellschaft, a corporation.

Gen. No. 11,227.

1. ATTACHMENT WRIT—*when, may issue.* An attachment may be issued predicated upon an affidavit which shows facts supportive either of an action of assumpsit or an action *ex delicto*, and if the declaration filed in an action so commenced is one in case, the election of remedies will be deemed to have been made by the suing out of the writ upon such affidavit and the form of the declaration regarded as an amendable mistake in pleading—even if it be conceded that an original attachment does not lie in an action *ex delicto*.

2. ATTACHMENT WRIT—*what will not dissolve.* A mistake in pleading followed by an amendment curative thereof, does not operate to dissolve an attachment.

3. FORM OF ACTION—*right to change, by amendment.* Where the cause of action is the same, the form of the action may be changed by amendment from one in case to one in assumpsit.

4. INTERPLEA—*when, properly defeated.* An interplea setting up a claim based upon an assignment made after the attachment has been levied, is properly denied.

5. INTERPLEA—*what considered in determining propriety of sustaining demurrer to.* In resolving such a question only the averments of the interplea will be considered.

6. PREFERENCE—*when, will not be accorded resident claimant.* A question of preferring a resident over a non-resident claimant will not be considered in an inquiry as to the right of property.

7. INTERROGATORIES—*when time of filing, cannot be questioned.* Whether interrogatories in an attachment suit have been filed in apt time cannot be considered where the garnishee has appeared and answered, nor can such question be raised by a party interpleading.

Attachment proceeding. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed March 31, 1904.

**Statement by the Court.**—This suit was commenced by attachment, appellee being plaintiff, and Gerhard Terlinden alias Theodore Graefe, defendant.   The writ issued August 17, 1901, and was served on the defendant August 19, 1901, and on the former date the Union Trust Company of Chicago was summoned as garnishee.   The garnishee, November 26, 1901, filed an answer, in substance, that August 17, 1901, it had in its possession, on deposit, in its savings department, standing to the credit of Theodore Graefe, $3,100, which sum so remained on deposit; that October 26, 1901, the following writing was presented to it:

"CHICAGO, ILLINOIS, October 26, 1901.

For value received I hereby sell, set over and assign to Albert W. May, the sum of three thousand ($3,000) dollars which I now have on deposit in the Union Trust Company of this city, and any all right, title to and interest in the said amount of three thousand ($3,000) dollars now on deposit with the said Union Trust Company under the name of Theodore Graefe.   And I hereby authorize and direct the said Union Trust Company to pay to the said Albert W. May as to me and for my account the said sum of three thousand ($3,000) dollars which they, the said Union Trust Company, now have on deposit for me or in which I may have any interest or rights in or title to.

GERHARD TERLINDEN,
alias Theodore Graefe.

To THE UNION TRUST COMPANY OF CHICAGO, ILLINOIS.

GENTLEMEN:   Pay to the order of Albert W. May the sum of three thousand ($3,000) dollars and charge to my account.

THEODORE GRAEFE."

January 31, 1903, May, the appellant, filed a plea, in substance, that the money garnisheed was his property, averring the deposit and the assignment to him as averred in the garnishee's answer, a demand for the money, and the acceptance of the assignment by the garnishee, subject to whatever rights the plaintiff in attachment had; that the plaintiff claims interest in said property by virtue of an original attachment issued in an action of trespass on the case, for damages for fraud and deceit, as appears by a dec-

laration filed October 10, 1901; that in said declaration it is alleged that the plaintiff discounted and cashed from the credit of the Gerhard Terlinden Stock Company, a company doing business in Oberhausen, Germany, certain drafts amounting to 400,000 marks (being about $96,000), in consideration of 400 certificates of stock pledged by the defendant, and represented by him to be genuine and marketable, but the said shares were forged and worthless, by means of which manipulations and fraudulent practices of the defendant the plaintiff is damaged in the sum of $100,000; that said writ of attachment is void; that, December 6, 1901, plaintiff filed an amended declaration, wherein it attempted to change the cause of action from tort to contract, and thereupon said writ became dissolved and is void; that the interpleader is a resident of Chicago, Illinois, and plaintiff is a foreign corporation, its principal office being at Berlin, Germany, and the defendant is not a resident or citizen of the United States; that, July 27, 1901, Dr. Hecking was appointed trustee in bankruptcy of the personal estate of the defendant by the Royal Prussian Court, in Oberhausen, Germany, and assumed the trusteeship, and that the plaintiff filed its claim against the defendant with said trustee, submitted to the jurisdiction of the German court and participated in the bankruptcy proceedings; and that the present attachment is prosecuted by the plaintiff, with the authority of said trustee, and for said trustee's benefit; and that interpleader has not submitted to the jurisdiction of said German court, etc.

The court sustained a demurrer to said interplea, and appellant stood by his plea.

JOSEPH B. DOE and ARTHUR S. NATHAN, for appellant.

WILLIAM VOCKE and WILLIAM MANNHARDT, for appellee; VOCKE & HEALY, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The only question to be determined is, whether or not

the court erred in sustaining the demurrer to the appellant's interplea. Section 29 of the Attachment Act (Hurd's Stat., 1901, p. 179) limits the issue on such an interplea to the inquiry "into the right of property" as between the plaintiff in the attachment and the interpleader. In City Ins. Co. v. Commercial Bank, 68 Ill. 348, the interpleader filed four pleas, only one of which was that he was the owner of the property levied on. Issue was joined on that plea, and the other three pleas were demurred to and the demurrer was overruled. The plaintiff seems to have stood by the demurrer. The court (Ib. 352) say : "It is apparent that the only fact involved in the case is as to the ownership of the property. Indeed, the only inquiry that can be made, under the section of the statute that authorizes a party to interplead in an attachment proceeding, is as to the right of property." See, also, Bostwick v. Blake, 145 Ill. 85, 91.

In 11 Ency. Pl. & Pr. 1185, it is stated to be the weight of authority that a claimant cannot question the validity of the process under which the property was seized, citing numerous cases. Also (pages 1165 and 1185) that "A statutory trial of the right of property levied on by legal process is a proceeding independent of the main cause of action, and is determined separately from it," and that "as a rule, the only issue determinable in a statutory proceeding to try the right of property is the claimant's title to the property." Therefore, the precise question involved here is, whether the interplea is a good plea of property in appellant. The assignment by Gerhard Terlinden, under which appellant claims title, is, by the plea, averred to have been made October 25, 1901. The writ of attachment was issued and purports, by the return thereto, to have been served on the garnishee August 17, 1901. But it is averred in the plea (1) that the writ was issued contrary to the statute, and is void; and (2) that by the amended declaration the action was, December 6, 1901, changed from tort to contract, and thereby the writ became dissolved and void. Whether the writ was properly issued, and was a

valid writ, depends on the affidavit filed by the plaintiff, which, omitting venue and jurat, is as follows:

" William Vocke, as agent and attorney for Disconto Gesellschaft, a corporation of Berlin, Germany, being duly sworn, deposes and says that Gerhard Terlinden, alias Theodor Graefe, is indebted to said Disconto Gesellschaft, after allowing all just credits and set-offs, in the sum of five thousand dollars, upon certain drafts and acceptances obtained by the said Gerhard Terlinden, alias Theodor Graefe, from the said Disconto Gesellschaft by means of gross forgeries and various other criminal and fraudulent devices; and affiant further states that the said Gerhard Terlinden, alias Theodor ·Graefe, is not a resident of this state; that his place of residence is Oberhausen, in the Kingdom of Prussia, Germany, but he is at present confined within the county jail of Cook County, Ill., pending his extradition to Prussia, as a fugitive from the justice of that state; that he is about to depart from this state with the intention of having his effects removed from this state, and is about to remove his property from this state, to the injury of the said Disconto Gesellschaft, and has within two years last past fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors, and has within two years last past fraudulently concealed or disposed of his property so as to hinder and delay his creditors, and is about fraudulently to conceal, assign or otherwise dispose of his property or effects, so as to hinder or delay his creditors."

The ground urged by appellant's counsel in support of the objection that the writ was illegally issued, is that the statute only authorizes an attachment when the relation of creditor and debtor exists between the plaintiff and defendant, and when, therefore, the action must be *ex contractu*, and that the facts stated in the affidavit only warrant an action *ex delicto*.   We think the facts stated in the affidavit would warrant an action *ex delicto*, but also think they warrant an action of assumpsit; that the appellant may waive the tort and sue in assumpsit.   1 Chitty on Pl., 5th Am. ed., secs. 387–88.   The affidavit avers that appellant is indebted to appellee, after allowing all just credits and set-offs, in the sum of $5,000.   The affidavit, as we think, fully warranted the issuing of the writ.   Appellant's

counsel contends that appellee elected to sue for tort, by filing its original declaration in case, and that by its subsequently filing an amended declaration in assumpsit the attachment was dissolved. If it be conceded, as contended by counsel, that an original attachment cannot be legally sued out in an action *ex delicto*, and that the doctrine of election as between inconsistent remedies applies in the present case, it may reasonably be assumed that appellee, in suing out an attachment on an affidavit of facts which support an action on an implied assumpsit, thereby elected to bring such an action. The defendant in attachment, October 22, 1901, moved the court to quash the attachment and dismiss the suit, assigning as a reason for the motion, that the action was in tort, which motion the court denied, and gave leave to the plaintiff to file an amended declaration. The mistake in pleading, in the first instance, and the subsequent amendment, did not have the effect of dissolving the attachment. The amendment was permissible under section 29 of the Practice Act, and the cause of action was the same, although the form of action, as between the two declarations, differed. Wright v. Brownell, 3 Vt. 425. The jurisdiction of the court remained continuously from the time of service on the garnishee, August 17, 1901, till the date of judgment against the garnishee, February 13, 1903. Therefore, the claim of title of appellant, being under an assignment made, as averred in the interplea, October 25, 1901, failed.

Appellant's counsel argue that he being a resident of this state, and the plaintiff in the attachment a non-resident, as averred in the plea, he should have been given preference. This, notwithstanding he has no title. The question as to such preference cannot be raised in an inquiry as to the right of property. This is expressly decided in City Ins. Co. v. Commercial Bank, 68 Ill. 348, 352.

Appellant's counsel argues matters not averred in the interplea, as that interrogatories to the garnishee were not filed in apt time, in which appellant is not concerned, and that there was not legal service of the writ of attachment

on the garnishee.    Whether the demurrer was properly sustained to the interplea, must be decided by reference to the averments of the plea.    Besides, the garnishee appeared and answered.

The judgment sustaining the demurrer to appellant's interplea will be affirmed.

*Affirmed.*