Frank B. Pease, Appellant, *vs.* David L. Frank *et al.* Appellees.

*Opinion filed April 23, 1914—Rehearing denied June 4, 1914.*

1. Attachment—*the statute authorizes levy upon an equitable interest.* The statute authorizes the levy of a writ of attachment upon an equitable interest in land, and provides that from and after the filing of a certificate of the levy with the recorder of the county the levy shall take effect as to creditors and *bona fide* purchasers without notice.

2. Same—*filing of certificate of levy on equitable interest is notice to purchasers from holder of legal title.* The filing of the certificate of levy of a writ of attachment upon an equitable interest in land is notice not only to purchasers from the owner of the equitable title, but also to *bona fide* purchasers from the holder of the legal title. (*Carbine* v. *Pringle,* 90 Ill. 302, distinguished.)

3. Same—*when rule that judgment is not a lien upon property conveyed in fraud of creditors does not apply.* The rule that a judgment is not a lien upon property which has been conveyed in fraud of creditors because such a conveyance is good between the

parties and the grantor retains no equitable title, so that an equitable lien can only be secured by a proceeding to set aside the fraudulent conveyance, has no application where there is a secret trust and the grantor is still the real owner, nor in the case of an attachment, as the Statute of Frauds makes a conveyance with intent to delay or defraud creditors void as against creditors.

4. SAME—*creditors may treat conveyance in fraud of creditors as void.* Under the Attachment act creditors have a right to treat a conveyance in fraud of creditors as void, and the moment a creditor levies his attachment it is an election to treat the conveyance as void, and the attachment becomes a lien against the lands with like effect as though the conveyance had not been made.

5. SAME—*provisions of the Conveyances act as to notice do not govern lien of attachment.* The provisions of the Conveyances act, under which conveyances from strangers to the legal title do not give constructive notice to persons examining the record of conveyances, do not govern the effect of the filing of the certificate of levy of an attachment upon an equitable interest in land, as the plain language of the Attachment act makes the certificate effective from the time of filing, as against creditors and *bona fide* purchasers without notice.

6. SAME—*attachment lien not lost upon return of special execution unsatisfied.* The purpose of an attachment is to hold the property and secure priority of lien, and where the attachment creditor files a bill to set aside conveyances by which the premises have been conveyed after the filing of the certificate of levy upon an equitable interest in the premises, the power of the court to grant relief is not lost because a special execution is returned unsatisfied after the bill was filed and there is no provision in the statute for an *alias* special execution.

7. SAME—*it is the judgment lien, and not the attachment lien, that can be enforced.* It is the judgment lien, and not the attachment lien, that can be enforced against the property attached, but the attachment lien remains effectual for the purpose of preserving the priority of lien.

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding.

FRED H. ATWOOD, and CHARLES O. LOUCKS, for appellant.

Charles L. Bartlett, Sherman C. Spitzer, and James Turnock, for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

Upon the hearing in the superior court of Cook county of exceptions to the report of a master in chancery the chancellor dismissed at the cost of the appellant, Frank B. Pease, the bill filed by him against the appellees in aid of an execution issued on a judgment against Havilah Davis, one of the appellees, in which it was alleged that the interests of the appellees in certain real estate were subject to a lien created by the levy of an attachment writ and perfected by the rendition of the judgment. The Appellate Court for the First District affirmed the decree and granted a certificate of importance and an appeal.

David L. Frank was the owner of lots 13 to 19, inclusive, in block 2, in Snowhook's subdivision of a tract of land in Cook county, and, under an arrangement with Havilah Davis to construct buildings on the property, conveyed the lots to Susan M. Davis, wife of Havilah Davis. Susan M. Davis and her husband, Havilah Davis, executed seven trust deeds on the property to Francis B. Peabody, which were recorded on June 3, 1899. Susan M. Davis paid no consideration for the conveyance to her but it was procured by Havilah Davis, and she held the legal title in trust for his use and benefit. On July 5, 1899, a writ of attachment in aid of a suit in assumpsit in the circuit court of Cook county, in which J. W. McGraw, for the use of Frank B. Pease, was plaintiff and Havilah Davis was defendant, was levied upon all the lots and the certificate of the levy was filed in the recorder's office. At the time of levying the writ Havilah Davis was the owner of the equitable title to the premises, subject to the lien of the Peabody trust deeds. There was personal service in the suit upon Havilah Davis

on July 6, 1899. On August 28, 1899, Susan M. Davis and Havilah Davis conveyed the lots to David L. Frank, who executed a declaration of trust declaring that he held the title in trust for Susan M. Davis, subject to the Peabody trust deeds, amounting to $32,000, and subject to the amount due him, and agreeing to convey the whole or any portion of the premises at any time, upon the request of Susan M. Davis, to any person whom she might elect, upon the payment to him of a proportionate amount of the indebtedness due him. On February 1, 1900, Susan M. Davis and Havilah Davis conveyed all interest in the premises to David L. Frank, who executed a quit-claim deed the same day to Emily B. Dobbs, and she afterward quit-claimed the premises to Wellington I. Wilson, under whom the appellees claimed title by sundry conveyances. On October 10, 1901, judgment was rendered in the suit against Havilah Davis for $734.42 and costs, and a general and special execution was ordered. On November 30, 1901, an execution, which was special as to the property levied upon and also general against the property of Havilah Davis, was issued and delivered to the sheriff of Cook county, and on the same day the bill in this case was filed, alleging that at the time of the levy of the attachment writ Havilah Davis was the equitable owner of the premises and that they were held in trust for him by Susan M. Davis, and seeking to enforce the lien created by the attachment. The master in chancery found and reported these facts, and also that the defendants who had acquired title to the premises at the time of and prior to their respective purchases caused to be made an examination of an abstract of title upon which there appeared a notation of the levy of the writ of attachment, and they thereby had notice of the levy and recording of the certificate. He found that Havilah Davis was the equitable owner of the premises subject to the lien of the trust deeds, but concluded, as a matter of law, that the defendants who acquired the legal title held by Susan M. Davis

subsequent to David L. Frank, having no actual notice that Havilah Davis was the equitable owner, were not required to take any notice of the levy and recording of the certificate thereof, although it was also brought to their attention by the abstracts, and that their titles were free from the lien. . The chancellor took the same view of the law, and the Appellate Court decided that the levy and recording of the certificate did not operate as notice to anyone claiming under the holder of the legal title.

By section 8 of the act in regard to attachments in courts of record, equitable interests in real estate are made subject to attachment, and section 9 provides as follows: "When a writ of attachment is levied upon any real estate, in any case, it shall be the duty of the officer making the levy to file a certificate of such fact with the recorder of the county where such land is situated; and from and after the filing of the same, such levy shall take effect, as to creditors and *bona fide* purchasers, without notice, and not before." The statute authorizes a levy upon an equitable interest, and provides that from and after the filing of a certificate the levy shall take effect as to creditors and *bona fide* purchasers without notice. If the view which has prevailed in this case is correct and a levy does not take effect as to subsequent purchasers unless the writ is against the holder of the legal title, an attachment of an equitable interest can never have any effect as to creditors and purchasers. If a levy on an equitable interest is to take effect at all it must take effect as to purchasers of the property from the legal owner, and if it does not, the statute means nothing so far as equitable interests are concerned, and although the statute says that the levy shall take effect, the holder of the legal title may make a transfer carrying the equitable title of the true owner, free from the lien, to anyone willing to purchase. This court considered the effect of such an interpretation of a statute not distinguishable from this one, in *Brown* v. *Niles,* 16 Ill. 385. Niles recovered a judgment against

Jenks in the circuit court of Jo Daviess county, and execu-
tion was issued to Stephenson county and levied on lands
in that county as the property of Jenks.  Section 25 of the
statute of 1845 provided that when an execution was issued
from the circuit court of one county to another county, it
should be the duty of the officer making the levy to make
a certificate thereof and file the same in the recorder's office
of the county where the real estate was situated, and until
the filing of the certificate the levy should not take effect
as to creditors or *bona fide* purchasers without notice.  Be-
fore the levy Jenks had executed a deed to Brown to de-
fraud, delay and hinder his creditors, and Brown, to de-
fraud his creditors, executed a deed to Watson and took
from Watson an agreement to convey the land to Jenks.
Brown continued in possession until after the levy of the
execution and filing the certificate, and while Watson held
the title Jenks executed to Watson a release of his interest,
after which Watson re-conveyed the lands to Brown, who
conveyed a portion to Sills after the levy was made and
the certificate filed.  The circuit court of Stephenson county,
upon a bill filed to subject the lands to the satisfaction of
the execution, granted the relief prayed for, and this court,
on the appeal of Sills and Brown, considered the question
whether Sills could be treated as a purchaser without notice.
Sills contended that he purchased upon exhibit of a perfect
chain of title of record showing title in Brown and that
he could not be affected by the levy.  The court refused
to uphold his claim and held that the lien attached at the
time of filing the certificate, and that any other construction
would tend to encourage, instead of prevent, fraud.  The
court said:  "The filing of the certificate of levy, we think,
was notice to all the world of such rights as Niles had
against the lands levied upon, and Sills was bound to in-
quire into those rights and purchase at his peril.  If the
filing of the certificate of levy in such case is not notice to
subsequent purchasers, neither would the sheriff's deed, or

the record thereof, be, and Brown could have defeated the execution and levy by selling the land at any time, until ejectment brought by the purchaser at the sheriff's sale. This ejectment could not be brought until after sale and the period of redemption had expired, which would exceed fifteen months. This construction of the statute would render worthless an ordinary and well known remedy."

In *McClure* v. *Engelhardt,* 17 Ill. 47, the court went still further in upholding and protecting the lien of a judgment creditor. An execution from Madison county was issued to the sheriff of St. Clair county and levied on premises in the possession of Shores and in which he owned an equity of redemption. The certificate of the levy was not filed, and while the court held that the levy did not take effect as a lien in the time intervening between the levy and sale by constructive notice to creditors and subsequent purchasers, yet the certificate of sale was constructive notice from the day it was filed. The court said that to remedy the evil of purchasers being over-reached by semi-secret liens without any official mode of notice or of obtaining it, the General Assembly had provided that the certificates of levy and sale should each be filed in the recorder's office, and so, also, levies of attachment, and in each case to take effect as a lien from such filing as to creditors and *bona fide* purchasers without notice. That case was again before the court under the title of *Reichert* v. *McClure,* 23 Ill. 516, where the former decision was reviewed and approved, and it was held that a levy followed by a sale would take effect by relation back to the levy.

The argument that a certificate of a levy in attachment only takes effect as notice where the writ is against the holder of the legal title is drawn from supposed analogies between the provision of the Attachment act and the provisions relating to the recording of deeds, mortgages and other instruments of writing and the liens of judgments on equitable interests in land. But there is no such agreement

or similarity between the various provisions as in our opinion will justify a disregard of the language of the Attachment act. The Conveyance act relates to transfers of title, and when an intending purchaser of land goes to the record and finds the title in one person and also finds a deed from another to the same land, he is not bound to conjecture that the one making the deed may have acquired some title not shown by the record, and is only bound to take notice of instruments made by individuals appearing in the chain of title. Conveyances from strangers to the title do not give constructive notice to persons examining the record of conveyances. (*St. John* v. *Conger,* 40 Ill. 535; *City of Chicago* v. *Witt,* 75 id. 211.) But it is a very different matter if he finds that the process of the court has been levied on property as the property of an individual under an act which permits such a levy upon a merely equitable title, and declares that the certificate of levy shall take effect from and after the time it is filed, as to creditors and *bona fide* purchasers without notice. The levy in such a case is upon the land, and as was said in *Brown* v. *Niles, supra,* the certificate is notice to all the world of such rights as the attaching creditor has against the lands levied upon.

It is also true that a judgment is not a lien upon property which has been conveyed in fraud of creditors, for the reason that such a conveyance is good between the parties and the grantor retains no equitable title, so that an equitable lien can only be secured by a proceeding to set aside the fraudulent conveyance. (*Union Nat. Bank* v. *Lane,* 177 Ill. 171; *Rappleye* v. *International Bank,* 93 id. 396.) But that rule does not apply to a case where there is a secret trust and the grantor is still the real owner. Neither is it true in the case of an attachment, since the Statute of Frauds and Perjuries makes a conveyance with intent to disturb, delay, hinder or defraud creditors void as against creditors. The Attachment act authorizes the writ where the debtor has made a conveyance in fraud of creditors, and

the fraudulent transfer passes nothing as against them. (*Bostwick* v. *Blake,* 145 Ill. 85.) Creditors have a right to treat such a conveyance as void, and the moment a creditor levies his attachment it is an election to treat it as void, and the attachment becomes a lien against the lands with the same effect as if the fraudulent conveyance had never been made. (*McKinney & Co.* v. *Farmers' Nat. Bank,* 104 Ill. 180.) A judgment is a lien on equitable interests in land, but a judgment gives no notice that the judgment debtor has an equitable interest in any particular land, for which reason the judgment, alone, cannot operate as notice. There is no statutory provision for recording a certificate of levy under an execution on lands in the same county where the judgment was recovered, and therefore the recording of the certificate gives no additional force to the levy as a lien or to the certificate as notice. (*Union Nat. Bank* v. *Lane, supra.*) These are material differences between the Attachment act and other acts.

Much reliance is placed upon the decision in *Carbine* v. *Pringle,* 90 Ill. 302, in which a decree setting aside a sheriff's sale and deed to Carbine was affirmed. It was held that while Williams, who took a conveyance from the holder of the legal title, was chargeable with notice of the interest of the judgment debtor, notice to him was not notice to the purchaser from him, and that such purchaser was not chargeable with constructive notice from the sheriff's certificate of purchase. The case has several times been cited, but always with respect to conveyances, and no similar state of facts has been since presented to the court. If the decision can be regarded as correct, it can only be because there was no express provision of the statute making the record of the certificate notice to creditors and *bona fide* purchasers. Certainly the General Assembly, in providing for the levy of writs of attachment upon equitable interests, and with the apparent purpose of making them effective by providing that certificates of levy should be notice from the

time of filing, did not at the same time intend that the lien should be a mere fiction and the remedy fruitless.

The execution delivered to the sheriff was returned unsatisfied on February 28, 1902. The statute does not provide for an *alias* special execution, and another one cannot be issued. (*Keeley Brewing Co.* v. *Carr,* 198 Ill. 492.) On that ground it is contended that the lien acquired by the attachment proceeding has been lost. The purpose of the attachment is to hold the property and secure priority of lien. On the same day that the execution was issued the bill in this case was filed, and when the execution was returned unsatisfied the suit was pending and all of the parties were before the court. When it was issued the property subject to the lien had been transferred by numerous conveyances to persons claiming title, and the bill was proper to set aside these conveyances as against the lien and to decree its enforcement. The court did not lose power to grant relief because the special execution expired while the suit was pending. (*Young* v. *Campbell,* 5 Gilm. 80; *Davidson* v. *Burke,* 143 Ill. 139.) It is the judgment lien, and not the attachment lien, that can be enforced against property attached, but the attachment lien remains effectual for the purpose of preserving a priority of lien. *Juilliard & Co.* v. *May,* 130 Ill. 87.

It is contended that the allowance to the master in chancery was excessive; but assuming that the numerous authorities presented and argued on this appeal were presented to the master and argued on the hearing of objections, we do not think an unreasonable time was taken by the master to investigate them or that the allowance was excessive.

The judgment of the Appellate Court and the decree of the superior court are reversed and the cause is remanded to the superior court, with directions to subject the premises in question to the lien of the judgment as of the date upon which the certificate of levy was filed for record, and to decree a sale of the premises to satisfy such lien.

*Reversed and remanded, with directions.*