**In re William C. ABNER, Debtor.**

**Mariann Pogge, Trustee, Plaintiff,**

**v.**

**William E. Abner, William C. Abner, Jason Staake, Clinton Staake, and Jessica Staake, Defendants.**

**Bankruptcy No. 00–71011. Adversary No. 00–7144.**

United States Bankruptcy Court, C.D. Illinois.

June 4, 2001.

---

**2.** The obstacle to Allied's motion addressed in this opinion is not the only ground raised by the objecting policy claimants. Even if Allied had provided for the sale proceeds to be segregated for purposes of paying policy claims, as in *MacArthur Co. v. Johns–Manville Corp.*

*(In re Johns–Manville Corp.),* 837 F.2d 89, 93 (2d Cir.1988), there would remain objections to the adequacy of the sales price in the motion. These additional objections are not resolved here.

Judy Watts, Springfield, IL, for Debtor.

Mariann Pogge, Springfield, IL, trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

These proceedings are before the Court on the Objections filed by Mariann Pogge, Trustee ("Trustee") to Claims # 1, # 2, and # 3 filed by Jessica Staake, Clinton Staake, and Jason Staake ("the Staake children"), respectively, in the above-captioned bankruptcy case. Also before the Court is the Staake children's Motion for Summary Judgment and the Trustee's Responses thereto, all filed in the above-captioned adversary proceeding. The issue is whether the post-transfer recording of a memorandum of judgment in favor of the Staake children attaches to property recovered by Trustee pursuant to 11 U.S.C. §§ 547 and 548.

The Staake children are the adult children of Debtor's former wife, Brenda Abner, n/k/a Brenda Petefish ("Ms. Petefish"). During Debtor's marriage to Ms. Petefish, Debtor became trustee of a trust established for the benefit of the Staake children and funded with life insurance proceeds paid to them when their natural father was killed by Ms. Petefish. Debtor subsequently used the proceeds of the trust to purchase a lot and to buy the materials to build the home at 619 Covered Bridge Road, Glenarm, Illinois ("the subject real estate"). When Debtor and Ms. Petefish divorced, Debtor first claimed that the subject real estate was a marital asset. The Staake children intervened in the divorce action and alleged that the subject real estate was subject to a constructive trust in their favor. Ms. Petefish agreed, and Debtor ultimately agreed to the entry of a judgment in favor of the Staake children. Debtor agreed to pay the judgment within 30 days of the entry of the final judgment of dissolution.

On October 25, 1999, the 29th day after entry of the final judgment of dissolution, Debtor conveyed the real estate by quitclaim deed to his father, William E. Abner ("Mr. Abner, Sr."). On November 14, 1999, the Staake children filed a memorandum of judgment against the subject real estate based upon the judgment obtained in the dissolution proceeding.

On March 29, 2000, Debtor filed his voluntary Chapter 7 bankruptcy petition. Trustee then sought avoidance of the transfer of the subject real estate to Mr. Abner, Sr., and the Court subsequently set aside the transfer of the subject real estate to Mr. Abner, Sr. The issue presently before the Court is the relative priority of the claims of the Trustee and the Staake children to the proceeds of the subject real estate. The Staake children argue, *inter alia*, that a transfer which is fraudulent is void as to the defrauded creditor. "Where a debtor transfers property to defraud creditors, the transfer passes nothing as to the creditor and the creditor has the right to treat the conveyance as void; the moment a creditor levies his or her attachment it is an election to consider the transfer void and the attachment becomes a lien against the land itself with the same effect as if the transfer has never occurred." *Staake Memorandum* at pp. 6–7, *citing Pease v. Frank*, 263 Ill. 500, 105 N.E. 299 (1914).

■ Unfortunately for the Staake children, this is not a case where the defrauded creditors were able to set aside a fraudulent conveyance under state law. Rather, the intervening bankruptcy prohibited any such action, allowing the Trustee to set aside the transfer under 11 U.S.C. §§ 547 and 548. Another section of the Bankruptcy Code, specifically 11 U.S.C. § 551, provides that any transfer avoided under 11 U.S.C. §§ 547 or 548 is preserved for the benefit of the estate.

As stated in *In re Previs*, 31 B.R. 208 (Bankr.W.D.Wash.1983):

Although there is an element of unfairness in the result that the Trustee may have the benefit of a fraudulent transfer so as to take priority over judgment lien creditors, as is noted in a leading commentary: "It is doubtful that the court can use its general equitable powers under section 105(a) and 28 U.S.C. sections 1481 & 1651 to defeat the express language of section 551." 4 *Collier on Bankruptcy* p. 551.02, 551–4 (15th ed.1982).

*Previs, supra*, 31 B.R. at 211.

■ Under Section 551, property subject to the avoided transfer is preserved for the benefit of the bankruptcy estate. The Staake children's memorandum of judgment was not recorded until November 14, 1999, at which time Debtor no longer held title to the real estate. "If property subject to a lien is transferred prepetition to a third party and later, after the bankruptcy filing, the trustee avoids the transfer of that property as a preference, the prepetition lien does not reattach to the recovered property." 5 Lawrence P. King, *Collier on Bankruptcy* ¶ 551.02, 551–4 (15th Ed. Revised 2000), *citing In re Integrated Testing Prods. Corp.*, 69 B.R. 901, 904–05 (D.N.J.1987). For this reason, the Staake children's judgment lien does not attach to the subject property.

The Staake children invoke principles of equity to support their position. While the Court sympathizes with their situation, the Court finds that its own equitable powers are not sufficient to alter the outcome in this case, which is clearly dictated by federal and state statute and binding precedent.

As an aside, it appears at this time, after having adjudicated the validity of the claim of Mr. Abner, Sr., that the Court's decision on this particular issue is relatively unimportant as it appears that the assets of the estate will be sufficient or nearly sufficient to pay all claims in full.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Jason Staake, Clinton Staake, and Jessica Staake be and is hereby denied.

IT IS FURTHER ORDERED that Claims # 1, # 2, and # 3 be and are hereby allowed, but only as unsecured claims.