BARBARA REICHERT *et al.,* Plaintiffs in Error, *v.* E. B. McCLURE *et al.,* Defendants in Error.

### ERROR TO ST. CLAIR.

The case of *McClure* v. *Engelhard,* 17 Ill. R. 47, reviewed and approved.

The levy of an execution in a different county from that in which the judgment is rendered, creates a lien, and, when followed by a sale, will take effect by relation back to the levy, unless the rights of creditors and purchasers have intervened.

An unrecorded levy takes precedence of a deed dated prior to, but not recorded till after the levy, and a sale under it carries a good title to the purchaser who had not notice before the levy, although the sale was made subsequently to the recording of the deed.

THIS was an action of ejectment originally commenced by Henry McClure against Jacob Engelhard. The present plaintiffs in error are the heirs-at-law and widow of Jacob Engelhard, who were substituted in the Supreme Court when this case was pending there at the November term, 1855, and the present defendants are the heirs-at-law of Ed. McClure, substituted in the St. Clair Circuit Court, after the cause was remanded there. A statement of the record and the facts of the case is found in 17 Ill., pages 47 and 48, with the exception that it is not there stated that Wolf and Chickering had a deed of trust from Shores, dated prior to the levy of the execution in St. Clair county.

The case having been remanded, a new trial took place, and by consent, all the evidence, liable to the same objections as formerly, was considered as having been given on the new trial, and the court, SNYDER, Judge, sitting as a jury, found for the plaintiffs below and gave judgment accordingly. Motion for new trial having been made, it was overruled, and exceptions taken. The errors assigned are:

1. That the court refused a new trial.

2. That the court rendered judgment for plaintiffs below instead of rendering judgment for defendants below.

G. KŒRNER, for Plaintiffs in Error.

W. H. AND J. B. UNDERWOOD, for Defendants in Error.

WALKER, J. We are now asked to review the former decision of this court, rendered in this case when it was before the court under the title of *McClure* v. *Engelhard*, and reported in the 17th volume of Illinois Reports, at page 47. The court then held, that the levy of an execution upon land in a different county from that in which the judgment was rendered creates a lien, and, when followed by a sale, it will take effect by relation back to the levy. And this, notwithstanding a certificate of the levy is not filed in the recorder's office, unless the rights of creditors and subsequent purchasers, without notice, had intervened. That the statute requiring the filing of the certificate of levy, could not be construed to defeat the title acquired by the sale and certificate duly filed, because of the failure to make the levy a lien against creditors and purchasers by recording it. The statute will bear the construction given to it by the court. Whether it be the true construction, may be a matter of doubt, but it cannot be held to be manifestly wrong. When a decision involving the title to real estate has been solemnly announced by a court of last resort, and has become a rule of property, nothing short of the most cogent reasons, or a strong conviction of its incorrectness, should induce the court to overrule and reverse it. In this case, the former decision of the court has doubtless become a rule of property, and to overrule it would unsettle titles acquired on the faith of that determination. And it would no doubt create liabilities on covenants of warranty entered into with a view to that decision. In this case, we do not perceive such a necessity as would justify a change of the rule. It is not by any means manifest that the construction there given is not the true one, and we must adhere to the former decision.

It is, however, urged that this record disclosed new facts. Shores, the judgment debtor, executed to Wolf and Chickering, a deed of trust upon the land in controversy, bearing date the first of January, 1842, acknowledged on the 24th, and recorded on the 27th day of the same month. The record discloses the fact that the levy was made upon this land on the 8th day of January, 1842, nineteen days previous to the recording of the deed of trust, the execution having come to the hands of the sheriff on the fifth day of that month. The fact that the defendant in execution had executed that deed of trust prior to the levy, could not operate to defeat the title acquired by sale under the execution, unless it had been followed by being recorded, or by showing notice to the plaintiff in execution prior to the time of the levy. The deed was not so recorded, and the record fails to show that any notice came to the knowledge of the plaintiff in execution, that this deed was in

existence. The statute provides that all deeds and instruments in writing, affecting the title to real estate, shall take effect and be in force from and after the time of filing them for record, and not before, as to all creditors and subsequent purchasers without notice. The plaintiff in execution was a creditor, and had no notice of the conveyance, and the deed of trust not having been been filed for record prior to the levy, he thereby acquired a lien upon the land that could not be defeated by recording it after the levy. When the sale was made, it related back to the levy, and cut off all right of third persons acquired before it, under an unrecorded deed without notice. The levy, whether recorded or not, undeniably became a lien against the land, as the statute requiring the recording of the certificate of levy was to protect, by notice, persons acquiring rights after, and not before the levy. The effect of the levy and sale in this case was to cut off as effectually, all benefit claimed by this deed of trust, as if the plaintiff had been a purchaser by conveyance from the defendant in execution, and had been the first to file his deed for record. The object of the statute was not to protect persons who held unrecorded deeds, but to prevent the secret lien of the levy from working injury to creditors and purchasers acquiring rights subsequently to the levy. This levy and sale, followed by the sheriff's deed, was sufficient to defeat the rights of the trustees under their unrecorded deed.

The judgment of the court below must be affirmed.

*Judgment affirmed.*