McFarran v. Knox et al.

the parties is in violation of the seventh article of amendments to the Constitution of the United States, which secures the right of trial by jury in suits at common law where the value in controversy should exceed twenty dollars. This provision relates to such courts only as sit under the authority of the United States, and was not intended as a restriction upon State courts. Cooley's Const. Lim. p. 19* and Note 1; *Lee v. Tillotson*, 24 Wend. 337; *Twitchell v. The Commonwealth*, 7 Wallace, 321.

We discover no error in these proceedings sufficient to warrant a reversal. The only question of fact in the case not involved in the matter of the accounts, was the question of the assignment of the contract on the part of Maddox. This assignment was not denied by the answer, and if put in issue at all by it, which admits of doubt, it was merely a collateral issue.

The referee took down the testimony and reported his findings, together with all the evidence and the objections thereto to the court, in pursuance of the statute and of the order of reference. Thereafter and before any judgment was entered in the case, all questions concerning the rulings and findings of the referee were raised before the court by a motion to confirm his report and for judgment thereon; and it appears that the court, after reviewing the proceedings and findings, confirmed the report and entered judgment. The judgment will be affirmed.

*Affirmed.*

---

## McFARRAN v. KNOX ET AL.

1. Under the statute (Laws 1874, Sec. 1, p. 169), upon the filing of an abstract of judgment in the office of the recorder, the judgment became a lien upon all the real estate of the judgment debtor. Accrued rights under the act were saved by the act repealing it. (Code, pp. 162–3.)

Real estate subject to execution under the provisions of the Revised Statutes (Sec. 1, p. 370, 1863), included all interest of the defendant or any person to his use, held or claimed by virtue of any deed, etc. It is to be presumed that the legislature used the term "real estate" in the act of 1874 with reference to this provision, and intended a lien upon whatever real estate there might be a levy.

2. The assignment by the obligee or his assignee of a bond for the conveyance of real estate, comes clearly within the provisions of Section 1, Rev. Stats. p. 111 (1868), and unless recorded will not take effect as against subsequent *bona fide* purchasers or encumbrancers without notice.

### *Appeal from District Court of El Paso County.*

McFARRAN, the appellant, filed in the District Court of El Paso County his complaint as follows:

"Plaintiff alleges that he is now, and has for more than two years last past, been in possession of the following described premises, in the county of El Paso and State of Colorado, to-wit:

Lot three (3) in D. M. Rose's subdivision of lots twenty-five (25), twenty-six (26) and twenty-seven (27), in block ninety-two (92), in the city of Colorado Springs. Plaintiff alleges that the said Nellie Loyd Knox and the said James L. Knox, by Irving Howbert, his next friend and guardian, the said James being a minor, are now prosecuting a suit in ejectment against the plaintiff for the recovery of said premises from the plaintiff; that the said suit of ejectment was commenced against the plaintiff by James Knox in said district court on the twenty-ninth day of January, A. D. 1877; that since the commencement of the said suit, the said James Knox, plaintiff therein, has departed this life; that said suit is now prosecuted by Nellie Loyd Knox, the widow of said James Knox, plaintiff therein, and by James L. Knox, the heir of said James Knox, plaintiff therein.

Plaintiff alleges upon information and belief, that said James L. Knox and Nellie Loyd Knox, the present plaintiffs in said suit, claim said lot of land through and under a deed executed to said James Knox, deceased, by D. M. Rose, said deed pur-

porting to convey said lot to said Knox, deceased, in fee sim.
ple.

Plaintiff alleges that he claims title to said lot under and by
virtue of a judgment and purchase at sheriff's sale, as herein-
after set forth.

Plaintiff alleges that on the 16th day of December, A. D.
1875, he recovered judgment against one Alvin A. McGovney
and John M. Augustus, in the probate court of said county,
for the sum of five hundred and fifty dollars; that execution
was duly issued thereon and levy thereof duly made upon said
lot as the property of said McGovney; that the same was, un-
der and by virtue of said levy so made under said execution as
aforesaid, sold by the sheriff of said county; that at such a sale
the plaintiff became purchaser of said lot, for the sum of five
hundred and forty-five dollars; that in evidence of such purchase
the said sheriff executed to the plaintiff a certificate of pur-
chase, and thereafter a deed pursuant to law, conveying said
premises to plaintiff.

Plaintiff alleges that an abstract of said judgment was duly
filed for record in the office of the clerk and recorder of said
county, on the twenty-second day of December, A. D. 1875,
and thereafter duly recorded. Plaintiff alleges, upon informa-
tion and belief, that before the filing of said abstract, and on
the tenth day of December, A. D. 1875, the said McGovney
was in possession of said premises and owned the same under
and by virtue of a written contract for the conveyance of the
same, executed by said Rose to one W. H. Kettlewell, which
said contract had passed by assignment to said McGovney.

Plaintiff alleges, upon information and belief, that on the
sixth day of January, A. D. 1876, the said Rose conveyed said
premises to said Knox, deceased, by deed aforesaid.

Plaintiff alleges that at the time of the filing of his abstract
as aforesaid, he had no notice or information, by record or oth-
erwise, that said McGovney had, in any way, transferred said con-
tract or parted with his interest in said property; that he had no
notice or information at the time of the purchase of said lot at

sheriff's sale as aforesaid, that said McGovney had in any manner transferred or assigned said contract, or parted with his right or interest in said premises; and so the plaintiff says that he is a subsequent incumbrancer and purchaser of said premises, for a valuable consideration, in good faith, and without notice of defendant's claim or title thereto. The defendants, as plaintiff is informed and believes, claiming said premises under said deed from Rose as aforesaid, alleged to have been made by said Rose pursuant to an assignment of said contract by said McGovney to said Knox, deceased, on or about the tenth day of December, A. D. 1875; of which alleged assignment plaintiff had no notice as aforesaid; and plaintiff says that in said suit of ejectment he is unable to make his said defense against the defendants' claim to said premises; that if said defendants should proceed further therein, this plaintiff will be deprived of the benefit of said defense, and suffer irreparable injury.

Plaintiff therefore prays that defendants may be enjoined and restrained from further prosecuting said action at law; that said deed from Rose to Knox be set aside and declared of no effect, and that the right and title of plaintiff to said premises may be confirmed, and the claim of said defendants be declared void; and that plaintiff may have such other relief as he may be entitled to."

To this complaint the defendants in the court below filed their demurrer, stating as grounds therefor that the complaint did not state facts sufficient to constitute a cause of action, and that it did not show the plaintiff entitled to the relief prayed. The demurrer was sustained and the cause dismissed. To reverse the judgment thus entered, McFarran prosecutes this appeal.

Mr. Wm. Harrison and Mr. J. C. Helm, for appellant.

Mr. T. A. McMorris, for appellees.

Elbert, C. J. Under the provisions of the statute (Session Laws 1874, section 1, page 169), upon the filing of the abstract

of judgment in the office of the recorder, the judgment of McFarran became a lien upon all the real estate of McGovney, the judgment debtor. Although repealed, accrued rights under this act were saved by the act repealing it. Code, pages 162 and 163.

Real estate subject to execution under the provisions of the Revised Statutes, section 1, page 370, included all interest " of the defendant or any person to his use held or claimed by virtue of any deed, bond, covenant or otherwise, for a conveyance, or as mortgagor of lands in fee, for life or for years."

It is to be presumed that the legislature used the term real estate in the act of 1874, with reference to this provision, and intended a lien upon whatever real estate there might be a levy.

In this view the judgment of McFarran, upon being filed in office of the recorder, became a lien upon McGovney's interest in the land in dispute as assignee of the bond from Rose, unless such interest passed by virtue of the prior assignment by McGovney to Knox. Nor was this lien affected as between the parties to this suit by the fact that the bond of Rose was unrecorded. *Niantic Bank et al.* v. *Dennis*, 37 Ill. 381.

Section 18, R. S. p. 111, provides that "all deeds, conveyances, agreements in writing of or affecting title to real estate or any interest therein, and powers of attorney for the conveyance of any real estate or any interest therein, may be recorded in the office of the recorder of the county wherein such real estate is situated, and from and after the filing thereof for record in such office, and not before, such deeds, bonds and agreements in writing shall take effect as to subsequent *bona fide* purchasers and encumbrancers, by mortgage, judgment or otherwise, not having notice thereof."

The assignment by the obligee or his assignee of a bond for the conveyance of real estate comes clearly within the provisions of this section, and unless recorded will not take effect as against a subsequent *bona fide* purchaser or encumbrancer without notice.

Accepting the allegations of the bill as true, the assignment by McGovney to Knox of the Rose bond was not recorded, and McFarran was a subsequent judgment lienor and purchaser without notice. The bill stated a cause of action, and the demurrer should have been overruled. *Ricehart et al.* v. *McClure et al.* 23 Ill. 516; *Niantic Bank et al.* v. *Dennis,* supra.

The case of *Knox et al.* v. *McFarran,* 4 Col. 397, was an action of ejectment, and the legal title was alone involved.

In so far as that decision can be taken as applying to the equities of McFarran under the registry act above quoted, it must be regarded as modified by this opinion.

The decree of the court below is reversed and the cause remanded.

*Reversed.*