[No. 7783.]

SALISBURY v. LA FITTE.

1. APPEALS—*Finding on Sufficient Evidence*, will not be disturbed.

2. REAL PROPERTY—*Liability to Execution*. The inchoate interest of a purchaser of lands, under an executory agreement for the future conveyance thereof, is liable to execution.   (362)

3. CONVEYANCES—*What Must Be Recorded*. A contract for the future conveyance of lands is within § 694 Rev. Stat. An assignment by the purchaser of his right under such contract, not recorded, is without effect as to a creditor of such purchaser who, without notice of the assignment levies an execution upon the land.   (360, 361)

4. EXECUTION SALE OF LAND—*Effect*. A sheriff's deed of lands where a levy is made under Rev. Stat. § 3637, takes effect by relation as of the day on which the certificate of levy is filed.   (363)

The purchaser at the execution sale succeeds to all the rights of the defendant in execution. Where the defendant in execution holds under an uncompleted executory agreement of purchase, the purchaser at the execution sale acquires the right to proceed with the contract of purchase of which he has so become the involuntary assignee, to make the payments stipulated for in such agreement of purchase, and perform the covenants of the execution defendant therein.   (364)

The defendant in execution is under no duty to continue such payments, and payments made by an assignee of the execution defendant whose right is subordinate to that of the execution plaintiff, do not enure to the benefit of the purchaser at the execution sale.   (365)

5. JUDGMENT—*When a Bar*. Action to vacate a judgment reviving a former judgment, and the sale of lands upon execution issued pursuant to the judgment of revivor. A judgment therein sustaining a demurrer to complaint, and directing a discontinuance, is no bar to a subsequent action by the same plaintiff for possession of the same lands, under a subsequently acquired title.   (367)

6. ESTOPPEL—*Who May Assert*. A party will not be heard to charge his adversary by a supposed admission of what he has himself denied.   (368)

*Error to the Court of Appeals.*

Mr. GEORGE SALISBURY, for plaintiff in error.

Mr. F. B. TIFFANY, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

This is a writ of error to review a judgment of the Court of Appeals, affirming a judgment of the District Court of Larimer County in an action for possession of real property located in that county, prosecuted by the present defendant in error against the plaintiff in error. The opinion of the Court of Appeals is reported in 21 Colo. App. 13.

On August 20, 1900, one Mrs. Taylor, who was then the actual owner of the property by deed duly recorded, executed a written contract of sale thereof to T. C. and Clara Brolliar. On July 8, 1903, the Brolliars assigned in writing their interest in this contract to the defendant in error, who went into possession of the premises. On August 27, 1903, the latter, in writing, assigned her interest in the contract to one Lindenmeier. This assignment must be regarded as a *bona fide* transaction, for the lower court so found upon sufficient evidence.

Neither the contract nor the assignments thereof were recorded until April 6, 1905. On June 27, 1904, Mrs. Taylor conveyed the property by deed to Lindenmeier, which deed was recorded on September 19, 1905. On February 4, 1905, Lindenmeier conveyed the property by deed to the defendant in error, which was also recorded on September 19, 1905. On August 28, 1903, an execution issued on a judgment obtained by George Salisbury against the defendant in error in the District Court of Pueblo County, and, on September 3, 1903, was levied on the property in Larimer County. It is to be

presumed that the levy was made by filing a certificate thereof in the office of the clerk and recorder.

On the 12th day of November, 1903, the property was sold on this execution to George Salisbury, to whom the sheriff issued a certificate of sale, which was recorded on November 16th, 1903. In due time, a sheriff's deed was issued to the plaintiff in error, to whom the sheriff's certificate of sale had been assigned, and the sheriff's deed was recorded on August 16, 1904, and she went into possession of the property.

No claim is made that either George Salisbury or the plaintiff in error had, at the time of the levy and sale under execution, any notice of the assignment to Lindenmeier of the contract executed by Mrs. Taylor on August 20, 1900, and it affirmatively appears from the record that they had not such notice. It thus appears that before the levy and sale under the execution, the defendant in error had attempted to assign whatever interest she may have had to Lindenmeier, and if that assignment was effective she had no interest at the time of the levy and sale. Plaintiff in error says that by reason of section 694 Rev. Stat. 1908, she was a subsequent *bona fide* purchaser, and the assignment to Lindenmeier had no effect as to her, it not having been filed for record, and she and George Salisbury being without notice thereof. The learned Court of Appeals held that the statute mentioned was not applicable and that the plaintiff in error took nothing by her sheriff's deed because the defendant in error had no interest in the property at the time of the levy and sale, and also for the reason, as is said, that the statute does not apply to the assignment of such an instrument as the contract of sale. Sec. 694 is as follows:

> "All deeds, conveyances, agreements in writing of, or affecting title to real estate or any interest therein, * * * may be recorded in the office of the recorder of the county wherein such real estate is situate, and from and after the filing thereof for record in such office and not before, such deeds, bonds and agreements in writing shall take effect

as to subsequent *bona fide* purchasers and encumbrancers by mortgage, judgment or otherwise not having notice thereof.''

In view of the opinion of this court, in *McFarran v. Knox*, 5 Colo. 217, the Court of Appeals erred in its holding as will be shown by comparison of that case with the present one. It will also be shown, however, that the plaintiff in error did not acquire the fee simple title to the property and is not entitled to retain possession. The facts in the McFarran case appear in the complaint to which a demurrer had been sustained. For the purpose of comparison, we will state the facts of that case, and after the names there we will place in parentheses the names in this case so as to show the similarity of the facts.

Rose (Taylor), the owner of the property, executed a written contract for the conveyance thereof to Kettlewell (Broillars). Kettlewell (Broillars) assigned this contract to McGovney (La Fitte), who went into possession. McGovney (La Fitte) assigned it to Knox (Lindenmeier). The assignment to Knox (Lindenmeier) was not recorded at the time of the levy and sale under the execution on McFarran's (Salisbury's) judgment, and McFarran (Salisbury) had no notice of it. The two cases differ in that McFarran filed an abstract of his judgment for record after McGovney had assigned to Knox, which then became a lien on the land, while it does not appear that a transcript of the judgment was filed in this case. This difference is immaterial, for the filing of the abstract only marked the inception of McFarran's lien. Here, Salisbury's right had its inception at the time of the levy or sale, and when he was without notice of the assignment to Lindenmeier. McFarran also, at the time of the levy and sale, had no notice of the assignment to Knox, so that had his rights begun with the sale the result would have been the same. —*McMutrie v. Riddell*, 9 Colo. 497, 13 Pac. 181.

In the McFarran case, as here, the contract of conveyance was not recorded. It was held in that case

that, under sec. 1 Rev. St. 1868, p. 370, real estate subject to execution "included all interest 'of the defendant, or any person to his use, held or claimed by virtue of any deed, bond, covenant, or otherwise, for a conveyance, or as mortgagor of lands, in fee for life, or for years,' '" and that the interest of McGovney, held by virtue of the contract for conveyance by Rose, was subject to execution on McFarran's judgment. We have the same statutory provision now—sec. 3609 Rev. St. 1908. So that the interest of the defendant in error in the property in controversy was subject to execution on Salisbury's judgment. It was also held in the McFarran case that an assignment of a contract for conveyance of real estate came clearly within the provisions of sec. 18 Rev. St. 1868, p. 111, which was the same as the present sec. 694 Rev. St. 1908, and that McGovney's assignment to Knox, being unrecorded and unknown to McFarran, did not take effect as to McFarran, though made before the inception of the latter's rights. So here the assignment of the defendant in error to Lindenmeier, being unrecorded and unknown to Salisbury, did not take effect as to the latter, though made before the inception of his rights. This case must, therefore, be regarded, so far as Salisbury is concerned, the same as though the defendant in error had not assigned to Lindenmeier. Unquestionably, therefore, Salisbury bought something at the sheriff's sale. What was it? Sec. 3648 Rev. St. 1908, provides that a sheriff's deed "shall be considered as conveying to the grantee therein named all the title, estate and interest of the defendant or defendants, in the execution therein named, in and to the lands thereby conveyed, of whatsoever nature the same may be." The deed takes effect by relation as of the day of the sale or the day on which the certificate of levy is filed.—*Mc-Murtie v. Riddell, supra.*

If a certificate of levy, under an execution from one county on land in another, is filed in the recorder's office of the county wherein the land is situate, as must be

presumed was the case here, the deed relates back to the
date the certificate is filed.    Sec. 3637 Rev. St. 1908.
Salisbury, therefore, bought, at the sheriff's sale, and
had conveyed to him by the sheriff's deed, all the title,
estate and interest of the defendant in error in the land
sold, at the time of the filing of the certificate of levy,
or for the purposes of this case, if desired, at the time
of the sheriff's sale.    What was that interest?

The contract of conveyance from Taylor provided
that if the contractees therein should first make the pay-
ments and perform the covenants mentioned, Mrs. Tay-
lor agreed to sell and convey to the contractees in fee
simple, by good and sufficient deed of conveyance, all
the land described in the contract, which is the land in
controversy.    The purchase price was to be paid in small
monthly installments, which would run through a num-
ber of years.    These installments were evidenced by
promissory notes payable respectively on the 20th of
each month thereafter, and the last one was payable on
November 20, 1904.    Among other things, it was pro-
vided in the contract that time was the essence thereof,
and in the event of the nonpayment of said installments,
or any part thereof, promptly at the time limited, then
Mrs. Taylor was absolutely discharged at law and equity
from any and all  liability to make and execute a deed,
and she might treat the contractees as tenants holding
over after the termination or contrary to the terms of
their lease.    It was further stated that, in the event of
the nonpayment of the purchase money, as provided, all
payments should be forfeited, and retained as liquidated
damages, and Mrs. Taylor might have the right to re-
enter and take possession of the premises; and it was
further stated that, if at any time the contract should
be forfeited and determined, as provided, the con-
tractees agreed to surrender and deliver up the premises
peaceably, and that if they remained in possession of the
premises thereafter, they should be deemed guilty of a
forcible detainer of the same and subject to all condi-
tions and provisions stated, and to eviction and removal

forcibly, or otherwise, with or without process of law. It was further provided that all the covenants and agreements contained in the contract should extend to and be obligatory upon the heirs, executors, administrators and assigns of the parties thereto and each of them.

At the time of the levy and sale, all payments of the purchase price had not been made. A considerable portion thereof remained unpaid—in fact was not yet due. The rights of the defendant in error, at the time, were to have possession of the premises, perform the agreements, make the payments as provided and then to receive a deed conveying to her the fee simple title to the premises. The plaintiff in error could have obtained no greater interest. She could not have obtained the fee because the fee was in Mrs. Taylor, and the defendant in error was not entitled to it. The defendant in error became the involuntary assignor to the plaintiff in error of the contract with Mrs. Taylor, and all the rights of the defendant in error, in and to the contract, ceased with the execution and delivery of the sheriff's deed. By reason of the statute, Lindenmeier obtained nothing by the assignment to him because rights of a *bona fide* subsequent purchaser, without notice, had intervened before his assignment was recorded. The plaintiff in error was the assignee of the contract of conveyance, and it was incumbent upon her to make the payments that had not been made and to perform the covenants and agreements before she would become entitled to a deed conveying the property to her in fee simple. Mrs. Taylor's deed to Lindenmeier conveyed the interest of the grantor in the premises. Lindenmeier's deed to the defendant in error conveyed that same interest of Mrs. Taylor.

In her complaint, in the present case, filed on September 25, 1905, the defendant in error alleged that she was the owner of the premises by virtue of a deed from Lindenmeier; that Lindenmeier had become the owner of the premises by virtue of a deed from Mrs. Taylor, and that Mrs. Taylor had become the owner of the premises

by successive conveyances from the Government of the United States down. The complaint made no claim of ownership by reason of the written contract of conveyance from Mrs. Taylor. Lindenmeier took Mrs. Taylor's place and was entitled to receive the payments that were unpaid at the time of the inception of the rights of plaintiff in error before the latter could compel a deed, and when the defendant in error received a deed from Lindenmeier she stood in precisely the same position as her grantor. When the defendant in error filed her complaint she stood in the same relation to the plaintiff in error that Mrs. Taylor would have stood, and that is as an owner of the premises, seeking to obtain possession from one holding the premises under a contract which had not been performed.

After the defendant in error had lost her rights under the contract from Mrs. Taylor, by reason of the sheriff's sale and deed, she was under no duty to the Salisbury's to continue the payments, nor was Lindenmeier. The latter did continue to make them and when completed received a deed from Mrs. Taylor. He had a right to purchase Mrs. Taylor's interest, subject, of course, to the rights of the Salisbury's under the contract, which had been acquired by the sheriff's sale and deed. The defendant in error had the right to acquire Mrs. Taylor's interest, subject to the contract, and when she did acquire it, it did not inure to the benefit of the plaintiff in error. The fact that the payments were made by Lindenmeier, or if the defendant in error had made them, in accordance with the contract, is immaterial. Either of them had the right to purchase Mrs. Taylor's interest and pay for it as they chose satisfactory to Mrs. Taylor. In law, as between the Salisbury's, and Lindenmeier, and the defendant in error, the contract, from the time of the sale, became the property of the plaintiff in error upon the delivery of the sheriff's deed. Mrs. Taylor's interest has never been in any way acquired by the plaintiff in error, nor has she shown that

she was ever entitled to it, though the present action was not begun until after the recordation of the deeds to Lindenmeier and the defendant in error, and not until more than a year after the issuance of the sheriff's deed. On the contrary, she asserted that the defendant in error paid the purchase money and the evidence shows that Lindenmeier paid it. She further asserted that her sheriff's deed was paramount to Mrs. Taylor's deed to Lindenmeier, and the latter's deed to the defendant in error, thereby declaring that she need not and would not perform the covenants of the contract of sale which she had obtained through the sheriff's sale and deed.

Had all the payments been made at the time of the inception of the rights of the plaintiff in error; that is, if the defendant in error had been at that time entitled to a deed from Mrs. Taylor, the question presented would be entirely different. Herein, the facts of the present case differ radically from those of the McFarran case. In the latter case, the complaint alleged that McGovney was the owner of the premises by virtue of the written contract of conveyance. That was a suit in equity. The allegation was the equivalent of alleging that the payments had all been made, and the other covenants performed, so that McGovney was entitled to a deed and in equity was the owner of the premises. That allegation with the others led this court to say that the complaint stated a cause of action. But, in this case, the plaintiff in error was never the owner of the premises either in law or in equity, by reason of the sheriff's sale and deed. The interest which she acquired by virtue of the sheriff's sale and deed was one thing, and that was taken away from the defendant in error, and she became a stranger to the title; but the interest that the defendant in error had at the time she filed her complaint—the Taylor interest—was an entirely different and other interest from that which she had lost by reason of the sheriff's sale and deed.

The contract provided that if the payments were not made as therein required, Mrs. Taylor or her as-

signs would have the right to reenter and take possession of the premises, and that all the rights of the holder of the contract of sale from Mrs. Taylor would cease and determine. The answer of plaintiff in error and the evidence in this case show that her rights under the contract of sale, which were the rights she acquired by the sheriff's sale and deed, had determined, and that the defendant in error was entitled to the possession of the premises, by virtue of the contract and the title that had come to her from Mrs. Taylor.

The Court of Appeals also held that a judgment in a former suit, sustaining a demurrer to and dismissing a complaint filed by defendant in error, was not an adjudication of the matters involved in the present case. In this the court was right. The former judgment was reviewed by this court upon error.—*La Fitte v. Salisbury*, 43 Colo. 248, 95 Pac. 1065. That action was brought to annul a revival of the judgment in Pueblo County and to set aside the sheriff's sale, at which the property involved in this action and other property of the defendant in error was sold. It was sought to set aside the sale because the judgment of revival was void, as was claimed, and because, as was alleged, the property was sold for a grossly inadequate sum. That action related only to the judgment of revival, and the sale on execution. The complaint was filed after the sheriff's deed had issued, and several months before the deed from Lindenmeier to the defendant in error was executed. All that the judgment determined was that the revival judgment and sale were valid and ought not to be set aside. In the complaint in this action, defendant in error did not mention the revival judgment or sheriff's sale, or in any manner indicate that she desired to disturb them. In this action she asserted her rights subsequently acquired and which came from Mrs. Taylor. There is no connection between the matter involved in the present action and that which was involved in the former one, except that the plaintiff in error is attempting to hold under the

same sheriff's deed, the validity of which is not now assailed. The question in this case is, what did the plaintiff in error acquire by her valid sheriff's deed, and what became of that which she acquired?

In the complaint in the former action, the defendant in error alleged that she was the owner in fee of the property mentioned therein, which was the property now in controversy and other property at the time of the sheriff's deed. The plaintiff in error asserts that the Court of Appeals erred in holding that the defendant in error was not estopped by this allegation. In the opinion of the Court of Appeals, it is said that the plaintiff in error, in the answer in that action, denied that the defendant in error had any title to the premises, and that if the admission of the plaintiff to the action would estop her, then the denial of the same matter by the defendant in the action would estop her, and the result would be nothing, and the court further proceeds to hold that the allegation could be shown to have been made by mistake. As a matter of fact, the plaintiff in error was not in a position to claim, for any reason, that the defendant in error was the owner of the premises in fee at the time of the sheriff's sale, for her answer in this present case shows that the defendant in error was not such owner. The plaintiff in error is surely bound by the allegations in her answer. In that answer, by way of cross-complaint, she alleged the sheriff's sale; the issuance of a sheriff's certificate to George Salisbury; the assignment of that certificate to herself; that the sale was made under an execution issued on the Pueblo judgment; the agreement from Mrs. Taylor to the Broillars, and its assignment to the defendant in error and by her to Lindenmeier; that Lindenmeier never paid anything for the assignment; that it was kept secret with an intent to swindle the plaintiff in error out of the property, and was not recorded; that Lindenmeier received the warranty deed from Mrs. Taylor after the defendant in error had paid for the land, according to the agreement, with the intent of holding the title to the

property in trust for the defendant in error. If the defendant in error paid the purchase money according to the agreement (the evidence showed that Lindenmeier paid it), then at the time of the sheriff's sale all of the monthly payments had not been made, for according to the agreement, which was set out in the cross complaint, the last was not to be made until November, 1904. It thereby conclusively appears in the said answer that at the time of the sheriff's sale at least twelve of the payments had not been made, and were not yet due, and that some of them were unpaid and not due, at the time of the issuance of the sheriff's deed, showing conclusively that at the time of the sale the defendant in error was not the owner in fee of the premises, but that she was simply the owner of whatever interest the incompleted contract gave her. The cross-complaint further alleged that the deed from Lindenmeier to the defendant in error was given without any consideration and was withheld from record until September, 1905. It alleged that the plaintiff in error obtained her sheriff's deed and recorded it on the 16th day of August, 1904, and that it conveyed to the plaintiff in error all the right, title and interest that the defendant in error had on the 16th day of November, 1903, the date that the sheriff's certificate of sale was recorded, and that the sheriff's deed and the title of the plaintiff in error related back and took effect as of said last mentioned date. It alleged that the plaintiff in error was without notice of the assignment to Lindenmeier, or of the deeds; that the sheriff's deed was prior and paramount to the deeds made by Mrs. Taylor to Lindenmeier, and by the latter to the defendant in error, and that the plaintiff in error relied upon the sheriff's deed as an estoppel upon the defendant in error because the assignments of the contract of Mrs. Taylor were fraudulently withheld from record until the 6th day of April, 1905, and that she relied upon the further fact, as an estoppel, that both of the deeds were withheld from the record until the 19th day of September, 1905. In this cross-complaint, whatever title the plaintiff in error had

to the property was fully set out, as was also the title which the defendant in error had, and on its face it appeared that the defendant in error, at the time of the sheriff's sale, owned only such interest as the incompleted contract from Mrs. Taylor gave her, and that she did not own the fee. It also appeared in the cross-complaint that the plaintiff in error obtained, by her sheriff's deed, only such title as the defendant in error had under the contract. It also appeared that the plaintiff in error never completed the contract or made or offered to make the payments, and that she had never been the owner of or entitled to the fee in said premises, and that by her failure to perform the contract and make the payments she had forfeited all the rights she had obtained through her sheriff's deed. She seems to contend that because Lindenmeier and the defendant in error acquired the Taylor interest and kept the deeds from the record until September 19, 1905, without notice to her, that she was defrauded. Lindenmeier and the defendant in error owed her no duty except that the one who held the fee and to whom plaintiff in error might tender the balance due on the contract, if the tender was made in time, would be obliged to deed the property to the plaintiff in error. They had the right to obtain the Taylor interest, with or without the knowledge or consent of the plaintiff in error. If the latter had not forfeited her rights under the contract before, she had until the commencement of an action for possession against her to pay the balance due. If she had the right to tender the payments in her answer, she has not done so, but, on the contrary, asserts that she does not need to, and will not make them, by alleging that she is the owner of the fee, and that her deed is paramount to that of Mrs. Taylor and that of Lindenmeier.

Under such circumstances, the right of the owner or her grantee to re-enter and take possession of premises against a defaulting vendee, under such a contract as that of Mrs. Taylor, is certainly complete. When the deeds were recorded she had notice where the Taylor interest

reposed. She had then time to tender the payment before the commencement of the action, and did not do it. On the contrary, she claims to have absorbed the Taylor interest without complying with the Taylor contract.

Plainly, under the pleadings in this case and under the evidence, the defendant in error is entitled to possession of the property, and the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HILL and Mr. JUSTICE BAILEY concur:

Decided April 6, A. D. 1914. Rehearing denied June 1, A. D. 1914.