# HUFFAKER v. FIRST NAT. BANK OF BRIGHAM CITY et al.

No. 3207.   Decided June 11, 1918.   (173 Pac. 903.)

1. VENDOR AND PURCHASER—EXECUTION—VENDOR'S INTEREST. Although, when there was still a balance due on purchase price, vendor executed a warranty deed in trust to D. for protection of purchaser and to secure a note given to D., vendor had such interest in lands sold as was subject to execution under Comp. Laws 1907, section 3240, making any interest of judgment debtor in realty subject to execution; interest of purchaser being subject to forfeiture for failure to pay according to contract. (Page 320.)

2. EXECUTION—FAILURE TO RECORD. In view of Comp. Laws 1907, section 1975, where vendor, after having executed trust deed for sole purpose of protecting his purchaser and D., who had lent him money made an assignment of his interest in contract of purchase with consent of purchaser and D. and thereafter vendor's judgment creditor levied upon such interest, and after sale and sheriff's deed made a conveyance to a bank, which recorded its deed prior to

recording of said assignment, bank, as against assignee, would have prior right, trust deed not giving constructive notice, although recorded, and neither bank nor judgment creditor having actual knowledge of assignment.  (Page 321.)

Appeal from the District Court of Box Elder County, First District; *Hon. J. D. Call*, Judge.

Action by A. F. Huffaker against the First National Bank of Brigham City and others.

From judgment rendered the named defendant appeals.

AFFIRMED.

*B. C. Call* and *R. H. Jones* for appellant.

*George Halverson* and *LeRoy B. Young* for respondents.

THURMAN, J.

Plaintiff brought this action in the nature of a bill of interpleader.  On the 16th day of February, 1911, he entered into two contracts with one Chris. Weiss for the purchase of two parcels of land in Box Elder county.  The purchase price of $2,510 was to be paid in installments at different times, and at the time of the commencement of this action he had paid the entire purchase price, less the sum of $970.  The contracts were in writing, made in duplicate, one for Weiss and one for Huffaker, and at the same time two warranty deeds, one for each parcel of land, were executed by Weiss, with the names of the grantees left in blank.  These contracts and deeds were deposited with one W. T. Davis (afterwards made a defendant), as trustee, with instructions to insert the names of the grantees in the deeds and turn them over to Huffaker, or his assigns, when the purchase price of the land was fully paid. This was the status of the transaction until January, 1912, when Weiss and wife executed a warranty deed to Davis for these and other lands in trust for the protection of Huffaker

and other purchasers of the land conveyed, and also to secure
a promissory note from Weiss to Davis for money borrowed in
the sum of $560. The trust deed was recorded January 22,
1912. Thereafter, in February, 1915, Weiss and wife, by an
instrument in writing, for a purported consideration, assigned
all their interest in and to the Huffaker contracts to the de-
fendant First National Bank of Brigham City, hereinafter
called the National Bank. The assignment was made with the
knowledge and consent of both Davis and Huffaker, but it was
not recorded until October, 1916. Prior to the recording of
this assignment the Inter-Mountain Nursery Company, here-
inafter called the Nursery Company, had recovered judgment
against Weiss, and the interest of Weiss, whatever it might be,
in the contracts with Huffaker was sold under execution to
satisfy the judgment, and a sheriff's deed for the property
sold was duly executed to the Nursery Company and recorded
in July, 1916. In the same month the Nursery Company exe-
cuted a deed to the defendant Security Saving Bank, herein-
after called Savings Bank, to secure a loan made to the
Nursery Company. Other transactions were had between the
parties, but they are of minor importance and immaterial.
The plaintiff, being ready and willing to pay the balance due
from him under the contracts with Weiss, found himself con-
fronted with two claimants, the Savings Bank and the Na-
tional Bank, each claiming the entire fund. He made them
both defendants in the action, and alleged he was ready and
willing to pay the balance due to the party found entitled
thereto by the judgment of the court. The Nursery Company
and W. T. Davis were made defendants, after the trial com-
menced, by consent of the parties, in order that all conflicting
claims of interest might be adjudicated and determined. The
court tried the case without a jury, and rendered judgment
for the defendant Savings Bank for the fund in question.
The defendant National Bank appeals.

. Appellant assigns numerous errors. Such as are material
to a determination of the rights of the parties will now be
considered.

The vital facts are not in dispute. The decisive questions,

as we view the case, are: (1) Did Weiss have any interest in the Huffaker contracts that could be levied upon in satisfaction of the judgment obtained by the Nursery Company under which the respondent Savings Bank claims title? (2) If Weiss did have such interest, did the respondent Savings Bank, or its grantor, the Nursery Company, have notice of the interest claimed by the National Bank, under its assignment from Weiss, at any time before the deed was executed to the Savings Bank under which it claims title in this case? In our judgment the case turns upon the answers to these questions.

The trust deed executed by Weiss to Davis was not an absolute conveyance of all title, both legal and equitable. It was executed for the purpose of securing a loan, and also to protect persons who had contracted with him to purchase parcels of land covered by the deed, including the plaintiff, Huffaker. If these purchasers failed to pay for the land under their respective contracts, according to the terms thereof, their interest therein was forfeited. If Weiss then paid the loan to Davis, Weiss would become the sole owner of the property unincumbered. If the purchasers completed their payments, Weiss would receive the money therefor, less what might be due to Davis on the loan, and the undisputed facts show that there was a balance coming to Weiss, under the Huffaker contract, in the sum of $970. There is therefore no question but that at the time the property was sold on execution to satisfy the Nursery Company's judgment, and until the sheriff executed his deed in pursuance of such sale, Weiss had an interest in the property, subject to the execution under which it was sold, unless his assignment to the National Bank altered the situation. Comp. Laws Utah 1907, section 3240. The respondent cites many authorities in support of this proposition, but the statute alone is conclusive. This disposes of the first question involved.

Appellant bases its claim entirely upon the assignment from Weiss and wife, of date February 2, 1915. This assignment, as before stated, was not recorded until October, 1916. In the meantime the Nursery Company procured its judgment

against Weiss, his interest or equity in the Huffa-  2
ker contracts was sold to satisfy the judgment, a
sheriff's deed therefor was executed to the Nursery Company,
and conveyance made by it to respondent, the Savings Bank,
in July, 1916, and duly recorded at least three months before
appellant's assignment was recorded. We find no substantial
evidence that either the Nursery Company or the Savings
Bank had either actual or constructive notice of any interest
of appellant, or claim of interest, whatever, prior to the deed
to the Savings Bank above referred to.

But appellant earnestly insists that the trust deed from
Weiss to Davis to protect the purchasers of the land conveyed
and to secure the note to Davis of $560, borrowed by Weiss,
recorded January 22, 1912, was sufficient at least to put the
Nursery Company and the Savings Bank upon inquiry which
might have led to a knowledge of the interest claimed by
appellant. It is conceded, as a legal proposition, that a con-
veyance made in trust and duly recorded is notice to all the
world of the existence of a trust, and persons thereafter deal-
ing with respect to the property are charged with the respon-
sibility of making inquiry as to the nature of the trust and
its limitations.

"Therefore, if a deed is made to a person designated 'Trustee,' al-
though the nature of the trust, or the beneficiary under it, is not desig-
nated, still the purchaser is obligated to inquire as to the nature and
limitations of the trust." Devlin on Deeds, section 738a.

In the present case the nature of the trust and its limita-
tions are expressed in the deed. There was, as we view the
case, nothing required of a person charged with the duty of
making inquiry, except to ascertain who the purchasers of the
land were, and guard against interfering with their rights.
There is no pretense, in this case, that the rights of the pur-
chasers of the land were in any manner affected by the deed
to the Savings Bank, or that the Savings Bank claims any-
thing under its deed adverse to the purchasers. The same is
true as to the rights of Davis, whose loan of $560 was secured
by the trust deed. His rights were not disturbed or jeopar-
dized by the proceedings which finally culminated in the deed

to the Savings Bank under which it now claims. Inasmuch as the trust deed was intended only to protect the purchasers of the land conveyed and to secure payment of the loan to Davis, and these purposes were in no manner affected nor in any sense involved as issues in this action, we fail to see the logic of appellant's contention that the trust deed afforded notice of appellant's assignment or imposed responsibilities upon the Savings Bank or Nursery Company to make inquiry concerning it. The trust deed was for the protection of purchasers, Huffaker included. It was not for the protection of the sellers of the land, either Weiss or his assignee, the National Bank. We have read with scrupulous care the authorities upon which appellant relies. None of them support its contention to the extent claimed in this action. See cases cited: *Marbury* v. *Ehlen,* 20 Am. St. Rep. 467; *Burke* v. *Johnson,* 1 Am. St. Rep. 252, note 256, 96 Am. Dec. 582, and note; *Koch* v. *Briggs,* 14 Cal. 257; *Bateman* v. *Burr,* 57 Cal. 483; *Devin* v. *Hendershott,* 32 Iowa, 192; *Soutter* v. *Miller,* 15 Fla. 625; *Stephens* v. *Clay,* 17 Colo. 489, 30 Pac. 43, 31 Am. St. Rep. 328; *Reece* v. *Allen,* 5 Gilman (10 Ill.) 236, 48 Am. Dec. 336, 20 Am. St. Rep. 467; *Mercantile Nat. Bank* v. *Parsons,* 40 Am. St. Rep. 299; *Shaw* v. *Spencer,* 97 Am. Dec. 107; Devlin on Deeds, supra.

Indeed, if appellant's contention in this case is sound, there is no limit to the responsibility imposed upon those charged with the duty of making inquiry concerning undisclosed and unrecorded interests in property. We are of the opinion that, inasmuch as the interests protected and intended to be protected by the trust deed are in no manner jeopardized or affected by the title conveyed to the Savings Bank, and such protected interests are not complaining of any interference with their rights, the appellant is in no position to complain. The authorities preponderate largely in favor of the rule above stated. 10 R. C. L. 1279; 17 Cyc. 1301; *Lusk* v. *Reel,* 51 Am. St. Rep. 32; *Cady* v. *Purser,* 82 Am. St. Rep. 391; *Riley* v. *Martinelli,* 21 L. R. A. 33; *Salisbury* v. *La Fitte,* 57 Colo. 358, 141 Pac. 484; *McNitt* v. *Turner,* 16 Wall. 352,

21 L. Ed. 341; *Weir et al.* v. *Snyder Sawmill Co.*, Ann. Cas. 1915B, 233, and note in which numerous cases are cited; *Pugh* v. *Highley*, 71 Am. St. Rep. 327. See, also, note to *Hacker* v. *White*, 79 Am. St. Rep. at page 947 et seq.

In view of the authorities referred to and others not cited, and the provision of Comp. Laws Utah 1907, section 1975, we are of the opinion that the respondent Savings Bank was not charged with notice of any interest of appellant in the property in dispute, either actual or constructive, and that the trial court did not err in its findings in that regard or in entering judgment for the respondents.

Other questions are presented by the appeal which would be material if we had found that respondent was charged with notice of the interest claimed by appellant, but, having found that respondent was a purchaser in good faith without notice, a determination of the other questions involved, even if decided in favor of appellant, could not affect the result. The conclusion already arrived at is decisive of every material question.

The judgment of the trial court is affirmed. Respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.